246 S.W.2d 804 (1952)
BERKLEY
v.
BERKLEY.
No. 42834.
Supreme Court of Missouri, Division No. 1.
March 10, 1952.
*805 Simon Reznikoff, Gerald Cohen, St. Louis, for appellant.
Adolph K. Schwartz, St. Louis, M. S. Beeks, Long Beach, Cal., of counsel.
David Y. Campbell, St. Louis, for respondent.
HOLLINGSWORTH, Judge.
By her last amended petition filed in the Circuit Court of the City of St. Louis, plaintiff, the wife of defendant, sought to recover from him the sum of $27,475, allegedly expended by her for the support of their minor child since the 31st day of March, 1930. Defendant's motion to dismiss the petition for failure to state a cause of action was sustained and judgment was entered accordingly. Following an unsuccessful motion for a new trial or, in the alternative, for a rehearing and an order overruling defendant's motion, plaintiff appealed.
Defendant has filed a motion to strike from the transcript on appeal herein a certain deposition filed by plaintiff in the case during its pendency in the trial court. This case was determined in the trial court solely on the ground that the petition did not state a cause of action, and the appeal is based solely on that ground. Plaintiff concedes that the issue is purely one of law. The transcript was submitted to and approved by the trial court without theretofore having been agreed to by defendant, although defendant had advised plaintiff of his objection to it for the reasons above stated. The motion to strike should be, and is, sustained.
According to her petition, plaintiff is a resident of the State of California and defendant is a resident of the City of St. Louis, Missouri. They were married in the State of California on the 31st day of March, 1924, and have never been divorced. William John Berkley, born in the City of Los Angeles, California, on December 28, 1929, is their son. On or about the 31st day of March, 1930, plaintiff and defendant separated, plaintiff retaining custody of said son. Since the separation, defendant has failed and refused to support their child or to reimburse plaintiff for the sums she has expended for that purpose, and she was forced to work to support him. In supporting him, she expended $27,475, demand for payment of which has been made and refused. An itemized account of plaintiff's expenditures is attached to the petition and marked Exhibit "A".
Defendant's motion to dismiss was based upon the assertion that the amended petition showed plaintiff's cause of action arose under and was governed by the laws of the State of California; that under the laws of that state, particularly Section 196 of the Civil Code of California, plaintiff was obligated to furnish support of said child by reason of having custody of him; and that under the laws of that state, particularly Section 208 of said Code, defendant was not bound to compensate plaintiff for the support of said child and plaintiff was barred from recovering without an express agreement by the defendant to compensate her therefor.
Plaintiff contends (1) that her right to recover for necessaries furnished their son during minority is determined by the law of defendant's domicile, the State of Missouri; and (2) that the law of Missouri gives her the right to recover such sums as she necessarily expended for that purpose.
Defendant asserts it is axiomatic in principle that plaintiff's claim arises under California law, in which state the money was expended and she and the child were and are domiciled; and argues that under the provisions of Section 208 of the California Code her petition is fatally defective in failing to allege an agreement on the part of defendant to compensate plaintiff for the expenditures made by her in supporting the child. In support of his contention he cites Section 618 of the Restatement on Conflict of Laws, reading as follows: "If a state makes the existence of a cause of action conditional on some act or event, no suit can be maintained in another state unless the condition is satisfied."
Manifestly, however, if plaintiff's cause of action is governed by the laws of the State of Missouri, as is contended by plaintiff, then the rule stated in Section 618 of the Restatement on Conflict of Laws is *806 beside the point. In other words, if plaintiff's cause of action is governed by the laws of Missouri rather than by the laws of California, then it is of no moment that the law of California makes an agreement to compensate her for support furnished by her to the child a condition precedent to her right of recovery. In such a situation, the pertinent questions for determination are whether the law of Missouri governs and, if so, whether it affords her the right of recovery under the facts pleaded in her petition.
On the first of these questions, both plaintiff and defendant cite the case of Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269, in support of their respective contentions.
In that case, Sadie Yarborough, a minor, residing in South Carolina, sued her father, a resident of Georgia, for future support, obtaining service by attachment of his property. In bar of the action, the father pleaded a judgment rendered in Georgia in a divorce action brought by him against Sadie's mother, by which judgment the Georgia court fixed the amount he was to pay for Sadie's future maintenance, and which judgment had been fully paid and satisfied. The opinion of the court, written by Mr. Justice Brandeis, held, in substance, that the Georgia judgment was entitled to full faith and credit in South Carolina, and Sadie's action was dismissed.
However, one of the grounds advanced by Sadie in support of her action was that at the time the divorce suit was filed she was temporarily domiciled in South Carolina and at the time the judgment was rendered she was domiciled in a third state, North Carolina, and that, therefore, the Georgia judgment was not binding upon her. In disposing of that question, the court said that neither of these facts effected a change of her domicile, and further stated [290 U.S. 202, 54 S.Ct. 185]: "The character and extent of the father's obligation, and the status of the minor, are determined ordinarily, not by the place of the minor's residence, but by the law of the father's domicile. * * * He (the father) has fulfilled the duty which he owes her by the law of his domicile and the judgment of its court. Upon that judgment he is entitled to rely." Cited in support thereof were the following cases: Macdonald v. Macdonald, 8 Bell & Murray 2d 830 [8 Court Cess. Ca. (Scotch) 2d 830]; Coldingham v. Smith, (1918) 2 K.B. 90; Irving v. Ford, 183 Mass. 448, 67 N.E. 366, 65 L.R.A. 177, 97 Am.St.Rep. 447; Blythe v. Ayres, 96 Cal. 532, 31 P. 915, 19 L.R.A. 40. Each of these cases supports the statement in the opinion that the father's obligation for support of his child is governed by the law of the father's domicile.
Defendant says that the Yarborough case is not controlling authority in behalf of plaintiff, contending it was decided not upon the ground of the father's domicile in Georgia but upon the judgment. Even if that be true, defendant cites no authority contrary to the principle therein announced, as above quoted; and we have found none.
The Restatement on Conflict of Laws, Sections 457 and 459, supports the conclusion of Justice Brandeis and the cases cited by him. Section 457 of that text reads: "A state has legislative jurisdiction to impose upon one person a duty to support another person if * * * (b) the person to support is domiciled within the state although the person to be supported is not subject to the jurisdiction of the state, * * *." Thus, by this section, the law is declared to be that the State of Missouri, the place of defendant's domicile, has jurisdiction to impose upon defendant the duty to support his minor son although the minor son is not subject to the jurisdiction of Missouri.
More directly in point, however, is Section 459: "Any state will enforce through its courts the duty to pay for necessaries of life furnished to a husband, wife or minor child imposed by (a) the state of the domicil of the person upon whom the duty is imposed * * *." The comment thereunder is as follows: "The courts of any state will enforce the duty to pay for necessaries furnished a husband, wife or minor child provided the state whose law imposes the duty has legislative jurisdiction over the person upon whom the duty is imposed. A person is subject to the legislative *807 jurisdiction of the state of his domicil (see § 47). Therefore, if by the law of the domicil of a person, he is required to pay for necessaries furnished to members of his family in that or any other state, such duty may be enforced in all states."
It is clear that plaintiff's action comes squarely within the rule above announced. Defendant is a resident of Missouri and subject to its legislative jurisdiction. Therefore, the law of Missouri governs his liability.
Plaintiff's petition alleges that she "retained" custody of the child, failure and refusal of the defendant to support him, that plaintiff was forced to work to support him, and defendant's refusal to reimburse her for her expenditures in that behalf. It is the well settled law of Missouri that if the lawful father of a child wrongfully fails and refuses to support a minor child lawfully in custody of the mother she may recover whatever sums she necessarily has expended in so doing. Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 81 A.L.R. 875, and the cases therein cited; Broemmer v. Broemmer, Mo.App., 219 S.W.2d 300. It is apparent that plaintiff has attempted to plead a cause of action under the law above stated. Whether the petition is sufficient in that respect is not raised on this appeal. The court erred in dismissing the petition on the grounds assigned in defendant's motion.
The judgment is reversed and the cause remanded.
All concur.