Dane C. BACHLER, Plaintiff-Appellant,

v.

Barbara Jean BACHLER, Defendant-Respondent.

No. 7854.

Springfield Court of Appeals. Missouri.

Oct. 17, 1960.

Kelsey Norman, Joplin, for appellant.

John R. Martin, Joplin, for respondent.

McDOWELL, Judge.

This appeal is from a judgment of the trial court rendered in Division I of the Circuit Court of Jasper County, Missouri, December 10, 1959, denying plaintiff's motion to set aside a judgment for $150 in favor of defendant for attorney fees to defend in a motion to modify the original decree of divorce.

On March 29, 1956, defendant was awarded a divorce from plaintiff on her cross bill. In the decree the court awarded custody of the parties' infant child to defendant and required plaintiff to pay $15 per week for support and maintenance of said child.

Thereafter, on July 7, 1959, plaintiff filed a motion to modify the decree of divorce as to the allowance for support of the minor child based on changed conditions that plaintiff had been injured and the disability rendered him unable to continue to comply with the judgment.

On July 9, 1959, defendant filed motion for allowance of attorney fees to defend in the motion for modification. Because of the absence of Honorable Judge Ray E. Watson, this motion was presented to Honorable Judge Woodson Oldham, who heard the cause and awarded defendant $150 for attorney fees. All other proceedings in the matter were heard by Judge Watson in Division I.

August 12, 1959, plaintiff filed an amended motion to set aside the judgment. This motion was in the nature of an equitable action based upon fraud. The motion alleged three grounds: 1. that the evidence adduced at the trial of the motion for attorney fees did not warrant a judgment in favor of defendant; 2. that defendant at the hearing on said motion, willfully committed perjury by testifying that she had been married to one, Eugene Stanley, and had borne a child by him, when, in truth, she had never been married to said Stanley and the child was born out of wedlock; 3. that in a previous matter respecting the rights of the parties to the proceeds of property at a partition sale presented to the court and because of certain incidents relative thereto, the judge was of the opinion that plaintiff had possibly committed contemptuous actions in the sale proceedings, and, by reason thereof, was biased and prejudiced against plaintiff at the time the motion for attorney fees was presented to him. The judge stated in open court that had he realized, prior to the hearing for attorney fees, plaintiff was the same person involved in the partition action, he would have disqualified himself as to the hearing of plaintiff's motion.

The prayer of the motion is that the court set aside the award for attorney fees and grant a new trial.

The testimony is not in dispute. Defendant admitted that she falsely testified in the hearing on the motion for attorney fees that she had been married to one, Stanley, since the divorce proceedings and had borne a child by him; she admitted she had never been married to Stanley and that the child was born out of wedlock.

The evidence offered fails to show that defendant possessed property or income sufficient to pay an attorney for representing her in defense of the motion. It showed she received checks from plaintiff's wife for $15 per week for child support; that she worked at the Capri Cocktail

Lounge earning $45 per week; that all of such money was used to support herself and three children and for helping to care for her minor brother. There was evidence offered that defendant had received $1,500 from sale of joint real estate but there was no evidence that she possessed any of such funds at the time plaintiff filed his motion to modify.

Plaintiff's evidence was, that since the original divorce decree he had received a chest injury while working at Interstate Grocery and that his only income consisted of compensation received under Workmen's Compensation Law, Section 287.010 et seq. RSMo 1949, V.A.M.S. and commissions received since his injury from selling aluminum siding. The evidence does not disclose how much the commissions were.

On December 10, 1959, plaintiff's amended motion to set aside the judgment for attorney fees was by the court denied. Thereafter, on December 18, 1959, plaintiff filed notice of appeal to this court.

In this equity proceeding the cause is considered de novo upon appeal. We are to reach our own conclusion as to the law and the evidence upon a review of the entire record, and have authority to enter such judgment as we find the trial court ought to have entered in conformity with the law. Section 510.310 RSMo 1949, V.A.M.S.; § 512.160 RSMo 1949, V.A.M.S.; Sheets v. Thomann, Mo.App., 336 S.W.2d 701, 707; Jackson v. Tibbling, Mo.Sup., 310 S.W.2d 909, 914.

Under assignment of error numbered I, appellant states: "Judgment Procured by Fraud May Be Set Aside", and cites Fadler v. Gabbert, 333 Mo. 851, 63 S.W.2d 121; Cross v. Gould, 131 Mo.App. 585, 110 S.W. 672; Norman v. Young, Mo.Sup., 301 S.W. 2d 820; and, In re Jackson's Will, Mo.App., 291 S.W.2d 214.

With this abstract statement of law we agree and we note that respondent, in her brief, admits that a judgment procured by fraud may be set aside. However, this alleged error presents nothing for review. It is a mere abstract statement of law and does not, in any way, point to errors committed by the trial court. Our court held in a recent case, Prentice v. Rowe, Mo.App., 324 S.W.2d 457, that point which constituted nothing more than an abstract statement of law without any showing as to how it related to any action or ruling of the trial court presented nothing for review. See Wildermuth v. Fred Medart Manufacturing Co., Mo.App., 330 S.W.2d 126, 128.

Under alleged error numbered II, appellant states: "The Fraud Practiced on the Court in This Case Prevented a Fair Submission of the Controversy and Was in the Procurement of the Judgment and Could Not Have Been Presented at the Trial."

This, likewise, is an abstract statement of law and too general to meet the rule requiring an appellant to state in his brief what action and ruling of the court is claimed to be erroneous. Missouri Supreme Court Rule 1.08, now Rule 83.05 of Missouri Rules of Civil Procedure, V.A.M.R.

Respondent is correct in her contention that the assignment of error is in violation of Supreme Court Rule 83.05(e) which requires: "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

However, it is clear from the record that appellant relies upon the issue of fraud growing out of the perjured testimony of respondent at the hearing in the trial court on the motion for attorney fees. In furtherance of justice we will decide the issue on its merits.

Appellant cites but one case, Jones v. Jones, Mo.App., 254 S.W.2d 260 to support this attempted alleged error. In this au-

thority, Judge Bennick, speaking for the St. Louis Court of Appeals, stated this law on page 261:

" * * * But for the fraud to have existed in the procurement of the judgment, it must have related, not to the propriety of the judgment itself, but to the manner in which the judgment was obtained. In other words, the fraud must have been extrinsic or collateral to the matters which either were or could have been presented and adjudicated in the original proceeding, and not merely intrinsic in the sense of having pertained to the merits of the cause upon which the judgment of the court was rendered. In short, it is not the province of this feature of equitable jurisdiction to afford the losing party a retrial of matters either tried or concluded by the original proceeding, but instead relief is limited to those instances where the fraud was of such a character as to have forestalled an opportunity for the fair submission of the controversy. Of such is the situation where the losing party to an action had a meritorious defense to interpose, but was prevented, without fault on his own part, from setting up his defense by reason of the fraud, deceit, or artifice of the successful party. In such an instance the fraud is to be regarded as having been perpetrated, not only upon the losing party, but upon the court as well, and if and when established constitutes a proper ground for equitable relief against the judgment. Jones v. Arnold, 359 Mo. 161, 221 S.W.2d 187; Fadler v. Gabbert, 333 Mo. 851, 868, 63 S.W.2d 121, 130."

Even though relief may be had in equity against a judgment obtained by extrinsic fraud of the successful party which has prevented the losing party from defending the action brought against him, it, of course, goes without saying that to have relief the losing party must show a state of facts and circumstances which would warrant the intervention of equity in his behalf. This, appellant has failed to do. The evidence relied upon to establish fraud was not of

such a character as to have forestalled an opportunity for a fair submission of the case. It does not show that appellant, the losing party to the action, had a meritorious defense but was prevented from interposing it without fault on his part by reason of the alleged fraud. So we find that even though the issue is not properly presented here by appellant, there is no merit in the appeal.

In justice to respondent we will here discuss the second point in her brief wherein she asked the court to dismiss appellant's appeal because he wholly failed to comply with Rule 83.05 of the Missouri Rules of Civil Procedure (formerly Supreme Court Rule 1.08).

The jurisdictional statement is: "The amount involved in this appeal is $150.00, which is well within the present jurisdictional limits of the Springfield Court of Appeals."

We think all that is necessary to point out the error committed by appellant is to cite Rule 83.05(b), wherein it is stated: "The Rule contemplates and the Court requires that sufficient factual data be set forth as will demonstrate the applicability of the particular provision or provisions of Article V, Section 3 of the Constitution whereon jurisdiction is sought to be predicated."

However, as stated in our opinion, an examination of the facts clearly shows that our court has jurisdiction and we are unwilling to dismiss the appeal for this assigned reason.

Respondent's next contention is as to the statement of facts.

Paragraph (c) of Rule 83.05 states: "The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. Irrelevant facts and testimony and mere formal matters should not be included in the statement. If desired, such statement may be followed by a statement

of testimony of each witness relevant to the points presented."

Appellant's statement of facts contains a statement of the original proceedings in divorce out of which this action arose, a statement of the filing of appellant's motion to modify, the filing of respondent's motion for allowance of attorney fees and the hearing on said motion. It then states that appellant filed an amended motion to set aside the judgment on the ground of fraud and respondent's answer thereto, the hearing of said motion and judgment thereon, summary of the testimony of plaintiff on the motion for attorney fees and the alleged evidence upon which appellant relies for fraud. It states the testimony offered on the part of respondent on the merits of the trial. We must admit that this statement of facts does not comply with Rule 83.05(c).

It was held in Peterson Company v. Landes, Mo.App., 280 S.W.2d 857, 858, that "A résumé of the pleadings may present the issues before the trial court, but that will not relieve an appellant of the duty of making a reasonably fair statement of the facts presented below."

In Repple v. East Texas Motor Freight Lines, Mo.Sup., 289 S.W.2d 109, 111, it was held that: "A statement of the facts may be followed, if desired, by a statement of the testimony of each witness relevant to the points presented; but merely narrating the testimony of each witness without first making a fair and concise statement of the facts is not a compliance with Rule 1.08." See v. Wabash R. Co., 362 Mo. 489, 242 S.W.2d 15, 16; Swope v. Emerson Electric Manufacturing Co., Mo.Sup., 303 S.W.2d 35, 41.

In the instant case, appellant, in his statement of facts, besides setting out all the pleadings and judgment of the court, which should not have been set out, merely narrated the testimony of the witnesses without first making a statement of facts.

The last objection to the brief is as to the argument. We agree with respondent

that the argument does violate Rule 83.05, (a) (4). It fails to substantially follow the order of points relied on and does not designate the page of the transcript where the statements may be found or verified.

In Kirkpatrick v. Wabash R. Co., 357 Mo. 1246, 212 S.W.2d 764, it was held that the Supreme Court will not dismiss an appeal on the ground that statement of case in brief is intermingled with argument and conclusions in violation of court rule, where the court is able to glean from the statement the facts determinative of the sole issue upon appeal.

In the instant case the sole issue on appeal is whether the judgment should be set aside on the ground of fraud, perjured testimony offered by respondent in the hearing on the motion for attorney fees. We, therefore, decided this appeal on the merits. A failure to comply with Rules of Procedure on appeal in the preparation of briefs is dangerous. This appeal might have properly been dismissed because the brief failed to comply with Rule 83.05 of Missouri Rules of Civil Procedure.

Judgment affirmed.

RUARK, J., concurs in result by separate opinion.

RUARK, Judge.

■ I concur in the result only. As I understand it, the principal opinion holds that the false swearing of a party, in this instance the respondent, cannot be made the basis of setting aside a judgment, because such evidence was intrinsic rather than extrinsic and collateral in the procurement of the judgment. I will agree that the case law of Missouri is well settled in this respect, more's the pity. See Crain v. Crain, Mo.App., 205 S.W.2d 897, and cases cited at loc. cit. 900; also Edson v. Fahy, Mo., 330 S.W.2d 854, 858. The reason of course is that a party is entitled to only one day in court to meet and disprove the

claims of the other, and there must be an end to litigation.

But who can disagree that perjury, and suborantion of perjury, often crawl in under the foundation and floor of the very structure of judicial processes? The possibility of criminal punishment has not killed this snake, and it would appear that the courts themselves must adopt measures to protect the system they are supposed to uphold. Wherever it is possible to do so without great injury to the system itself, a perjurer should be denied all right or remedy from the processes he seeks to corrupt. Without attempting to break my head against a solid wall of decisions based upon the extrinsic-intrinsic rule, I believe that an exception should be made where it appears (a) that the fact of perjury is incontestable or irrefutable and not subject in practical effect to being made an issue of fact, and (b) that the perjury entered into, or may have entered into or had some material effect upon, the result.

In this instance the respondent is a self-confessed perjurer. The fact that she lied under oath is not subject to question. There is no question of "did or didn't" involved as to the fact that she lied or as to the status concerning which she testified. It would not require another hearing to determine whether the facts she lied about are true or untrue. She has admitted them.

■■ The only reason I concur in result is that her perjury was as to an immaterial matter which could not possibly have affected the result. In a motion for modification in regard to child support the question is whether there has been a change in condition affecting (1) the need on the one hand and (2) the ability of the opposite party to provide. Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189, 197; Butler v. Butler, Mo.App., 262 S.W.2d 330, 335. The fact that another child (not involved in the controversy) was what is termed in common parlance a "woods colt" had nothing to do with the need on the one hand or the ability on the other. It was immaterial and could not have entered into the making of the judgment. For this reason I concur in the result.

STONE, P. J., concurs in separate opinion of RUARK, J.