Fariel M. ROMIG, Appellant,

v.

Lloyd Walter ROMIG, Respondent.

No. 23577.

Kansas City Court of Appeals.
Missouri.

Oct. 1, 1962.

Hull & Strong, Maryville, James C. Davidson, North Kansas City, for appellant.

Dale, Potter & Flynn, Stanley I. Dale, St. Joseph, for respondent.

BROADDUS, Judge.

This is an appeal from the decree of the Circuit Court of Worth County, entered on October 12, 1961, setting aside and deleting from the decree of divorce entered by said court on September 12, 1961, the award of alimony to plaintiff wife, in the sum of $200 per month.

On July 22, 1961, plaintiff filed her petition for divorce in which she alleged that she and defendant were married on April 12, 1957, and continued to live together thereafter as husband and wife until on or about the 17th day of July, 1961.

On August 14, 1961, defendant husband filed a motion to dismiss, which motion defendant withdrew when the cause was heard and entered his general appearance.

Prior to submitting the cause to the court on September 12, 1961, the parties entered into a "Property Agreement." It contained the following:

> "Whereas, the parties are desirous of settling their property rights they hereby mutually agree that: * * *
>
> "6. As further consideration for this Agreement husband agrees to pay wife Two Hundred Dollars ($200.00) a month alimony until her death or until she remarries. In consideration of this alimony agreement wife agrees to release all of her homestead and rights she might have as surviving spouse of husband."

After the execution of the Property Agreement (the same day the hearing was held) the attorneys for both parties appeared before the court and the wife and her two character witnesses testified. The wife identified the Property Agreement and the same was admitted in evidence without objection. At the conclusion of the evidence the court entered a decree of divorce to

plaintiff. Those portions of the decree pertinent to this appeal are:

"The Court further finds that a property settlement contract in writing has been entered into between Plaintiff and Defendant, settling all property rights, and other claims whatsoever between them affecting each other, which said contract meets with the approval of this Court and is made a part of this decree.

\*　　\*　　\*　　\*　　\*　　\*

"It is further Ordered, Adjudged and Decreed that Defendant pay to Plaintiff Two Hundred Dollars ($200.00) a month alimony. Said alimony is to commence on September 12, 1961 and is to be paid a month in advance; i. e. on September 12, 1961, and on or before the 12th day of each following month."

Thereafter, on October 3, 1961, defendant's present attorneys filed on his behalf a motion to vacate and set aside the decree of divorce. Said motion, among other things, alleged that:

"I

"Defendant has cause to believe and does believe that the Court was not properly advised in the premises, and had the Court been so advised, would not have entered its judgment of alimony to plaintiff in the amount of $200.-00 per month, but would have considered such amount unreasonable and oppressive under all of the conditions and circumstances.

"II

"Defendant has cause to believe and does believe that the Court was not aware of the fact that plaintiff had already received approximately $16,000.00 in cash from the joint funds of plaintiff and defendant, and that to award $200.00 per month alimony to plaintiff is both unreasonable and oppressive."

This motion was heard on October 10, 1961. At that hearing it was made clear that prior to the execution of the Property Settlement plaintiff had withdrawn the sum of $16,000.00 from the joint account of plaintiff and defendant, and that this fact had not been brought to the attention of the court at the trial. It was also disclosed that the only thing defendant received under the agreement was his clothing. There was no real estate involved to make plaintiff's release of her marital rights of any value.

The motion was taken under advisement until two days later when a decree was entered setting aside the original decree only as to the provision for alimony. The latter decree recited: "This decree being entered within thirty (30) days following the date of the decree of divorce on September 12, 1961." Plaintiff filed her motion for new trial and the same being overruled this appeal followed.

Plaintiff asserts that "when a husband and wife contract with regard to their property and include the amount of alimony to be awarded the wife upon legal separation of divorce, and the terms of the agreement are approved by the Court and made a part of the decree, the provisions as to alimony are not subject to modification by the Court."

In support of her position plaintiff relies upon the case of North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061. However, in that case the attempt to modify the judgment involved was made long after the term at which it was entered had expired.

Prior to the enactment of our Civil Code, which became effective on January 1, 1945, it was the established rule of law in this State that all judgments, decrees and other orders, however conclusive, were under the control of the court which pronounced them during the term at which they were rendered of record, and they could be set aside, vacated or annulled by that court. Woodward v. Woodward, 84 Mo. App. 328, 330. Under our present practice

the period in which the court has control over its judgments is limited to 30 days after entry of judgment. Laws of Mo.1943, page 389, sect. 119 (V.A.M.S. § 510.370).

As we have stated the order of the court about which plaintiff complains was entered 30 days following the date of the decree of divorce. Thus the court had inherent jurisdiction to make the order and plaintiff cannot legally complain.

The judgment is affirmed. All concur.