Dee Anna Schwertfeger **HUNTER**,
Plaintiff-Appellant,

v.

Edgar Albert **SCHWERTFEGER**, Jr.,
Defendant-Respondent.

Dee Anna Schwertfeger **HUNTER**,
Plaintiff-Respondent,

v.

Edgar Albert **SCHWERTFEGER**, Jr.,
Defendant-Appellant.

Nos. 8556, 8557.

Springfield Court of Appeals.

Missouri.

Oct. 8, 1966.

Richard D. Moore, Newton C. Brill, West Plains, for plaintiff.

Green & Green, West Plains, for defendant.

STONE, Presiding Judge.

On July 10, 1965, plaintiff Dee Anna Hunter (formerly Schwertfeger) instituted this action against defendant Edgar Albert Schwertfeger, Jr., in the Circuit Court of Howell County by the filing of her petition in two counts. In *Count I,* plaintiff pleaded that a son, Stanley, was born on May 28, 1957, of her marriage to defendant; that the parties were divorced "in April of 1959" (the evidence established this date as February 17, 1959) by decree of said circuit court, which awarded custody of the boy to defendant father for the six-month period beginning March 1, 1959, and to plaintiff mother for the six-month period beginning September 1, 1959, with "custody to alternate each succeeding six months"; that, on May 3, 1962, the custodial provisions of said decree were modified with major custody of the boy awarded to plaintiff and minor custody to the father for not longer than sixty days during the sum-

mer; that defendant had "failed and refused to pay any support money" for the boy during those periods that the boy was in plaintiff's custody; and that the "reasonable cost" of supporting the boy while in her custody had been $100 per month, "making a total of $5,400 [for] which defendant [was] indebted to plaintiff." Although there was no averment to that effect in Count I, the evidence showed that both the original decree and the order of modification were silent as to the boy's support. The prayer of Count I was for a money judgment of $5,400. In *Count II,* plaintiff pleaded the provisions of the order of modification on May 3, 1962; that "the decree" was silent as to the boy's support; and that the "reasonable cost" of such support was $100 per month. The prayer was for modification of the "divorce decree" so that it would provide for child support payments by defendant.

Trial by jury as to Count I having been waived by both parties, evidence was taken on October 29, 1965; and, at the conclusion of the hearing, the trial court found that, "as a matter of equity and right, the plaintiff is not entitled to relief as sought in Count One of her petition and it is dismissed by the court," but that "plaintiff is entitled to the relief sought in Count Two of her petition and is granted a child support judgment against the defendant for the amount of $40 per month for ten (10) months of each and every year, to be paid on the first day of each month, and for which execution may issue against the defendant."

Plaintiff filed a timely motion for new trial "as to Count I of her petition," but defendant filed no after-trial motion. On February 2, 1966, the court found "after reading briefs of counsel * * * that it was in error in dismissing Count One of plaintiff's petition and because the court was in error therein and believing that the hearing of evidence in a new trial as to Count One might cause a different ruling in Count Two, it is the order and judgment of the court that a new trial be granted

herein as to both Count One and Count Two." On February 11, 1966, plaintiff filed her notice of appeal from the order of February 2 "setting aside judgment for plaintiff rendered on Count II * * * on the 29th day of October, 1965"; and on February 12, 1966, defendant filed his notice of appeal "from the judgment * * as to Counts I and II of said petition."

On her appeal docketed here as No. 8556, plaintiff timely filed both transcript and brief. However, defendant has neither filed a brief in No. 8556 nor taken any steps to perfect his appeal, docketed here as No. 8557. In failing to file a respondent's brief in No. 8556, defendant has˙ indulged a practice repeatedly condemned by the courts [Mannon v. Frick, 365 Mo. 1203, 295 S.W.2d 158, 161; Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316, 319; M.F.A. Central Cooperative v. Harrill, Mo.App., 405 S.W.2d 525, 527(2); Holman v. Fincher, Mo.App., 403 S.W.2d 245, 249] but has incurred no penalty imposed by rule or statute. However, his failure to file an appellant's brief in No. 8557 requires the dismissal of that appeal. V.A.M.R. Rules 83.06, 83.09 and 83.26; White v. Kuhnert, Mo.App., 207 S. W.2d 839, 840(2); Lively v. Ridgewood Construction Corp., Mo.App., 371 S.W.2d 658, 659. See Dye v. Geier, Mo., 345 S. W.2d 83, 89(6); Anderson v. Kuhs, Mo. App., 213 S.W.2d 238.

The narrow question raised by plaintiff's brief in No. 8556, upon which determination of the appeal in that case depends, is whether or not the trial court had authority to set aside the order˙and judgment on Count II modifying the original decree of February 17, 1959, which divorced the parties and awarded custody of the boy but was silent as to his support. Cf. Roberts v. Roberts, Mo.App., 292 S.W.2d 596. The judgment was entered on October 29, 1965. Within the permitted period of fifteen days thereafter [V.A.M.R. Rule 72.02], to wit, on November 5, 1965, *plaintiff* filed a motion for new trial in which she complained of the judgment against her on Count I but quite understandably sought no change in, and made no mention of, the judgment for her on Count II. As we have noted, *defendant* filed no after-trial motion. On February 2, 1966, the ninety-sixth day after entry of judgment on October 29, 1965, the trial court granted a new trial as to both Count I and Count II.

The order granting a new trial as to Count II was made of the court's own initiative and not in response to any after-trial motion. Subject to the limitations that a judgment may not be set aside arbitrarily or capriciously [Willis v. Willis, Mo.App., 274 S.W.2d 621, 625(5)] or without giving the party to be affected adversely reasonable notice and an opportunity to be heard [Hoppe, Inc. v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 350(7), 351(9), 23 A.L.R.2d 846; Savings Trust Co. of St. Louis v. Skain, 345 Mo. 46, 131 S.W.2d 566, 574(14)], the trial court has, *during the period of thirty days after entry of judgment but not thereafter,* the inherent power to vacate a judgment, of its own initiative, for good cause. V.A. M.R. Rule 75.01; V.A.M.S. § 510.370; Stein v. McDonald, Mo., 394 S.W.2d 297, 300(5); Loveless v. Locke Distributing Co., Mo., 313 S.W.2d 24, 27(1); Ridenour v. Duncan, Mo., 246 S.W.2d 765, 767(1); Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 539(7); Romig v. Romig, Mo.App., 360 S.W.2d 737(1); Harrison v. Weisbrod, Mo.App., 358 S.W.2d 277, 282 (4); Long v. Stilwell Homes, Inc., Mo. App., 333 S.W.2d 103; State ex rel. Ballew v. Hawkins, Mo.App., 361 S.W.2d 852, 856(5).

It is clear that the trial court was utterly powerless to grant, *of its own initiative,* a new trial on Count II as it undertook to do by its order of February 2, 1966, ninety-six days after entry of judgment on October 29, 1965. See again the authorities cited supra. Of course, the judgment on Count II fixing an allowance for future child support is and will continue to

be subject to modification upon proof of a sufficient change of conditions [V.A.M.S. § 452.070; Paxton v. Paxton, Mo.App., 319 S.W.2d 280, 290(15); Bettinger v. Bettinger, Mo.App., 355 S.W.2d 354] "affecting (1) the need on the one hand and (2) the ability of the opposite party to provide. Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189, 197; Butler v. Butler, Mo.App., 262 S.W.2d 330, 335." Bachler v. Bachler, Mo.App., 339 S.W.2d 846, 851(3). See Gianformaggio v. Gianformaggio, Mo.App., 341 S.W.2d 293, 297(6); McCullough v. McCullough, Mo.App., 402 S.W.2d 623, 628–629.

 We observe in passing that the trial court was empowered to set aside its dismissal of Count I of plaintiff's petition on February 2, 1966, the eighty-ninth day after the timely filing on November 5, 1965, of plaintiff's motion for new trial complaining of and directed to the adverse judgment on Count I [V.A.M.R. Rules 72.02 and 78.04], and that the court's grant of a new trial on Count I was proper, because the father's duty to support his children while they are lawfully in the mother's custody remains as at common law even though the divorce decree is silent as to child support [Lodahl v. Papenberg, Mo., 277 S.W.2d 548, 551(5); Berkley v. Berkley, Mo., 246 S.W.2d 804, 807, 34 A.L.R.2d 1456; Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 764–765(2), 81 A.L.R. 875] and, subject to certain exceptions not here material [Broemmer v. Broemmer, Mo.App., 219 S.W.2d 300, 303(5)], the mother may recover, in an independent action, *a reasonable sum* for necessary expenditures theretofore made for the child's support. Allen v. Allen, 364 Mo. 955, 270 S.W.2d 33, 35(2); Marley v. Marley, 356 Mo. 870, 204 S.W.2d 261, 263(1); Broemmer v. Broemmer, supra, 219 S.W.2d at 304(8).

It is the judgment of this court (1) that, in No. 8556, the order of the Circuit Court of Howell County, Missouri, entered on February 2, 1966, (a) should be affirmed insofar as it granted a new trial on Count I of plaintiff's petition and the cause should be remanded to said circuit court for retrial on said count but (b) should be set aside insofar as it undertook to grant a new trial on Count II of plaintiff's petition and the cause should be remanded to said circuit court with directions to reinstate, as of October 29, 1965, the judgment then entered on said count; (2) that, in No. 8557, defendant's appeal should be dismissed for failure to comply with the applicable provisions of the Supreme Court Rules of Civil Procedure; and (3) that the court costs upon both appeals, i .e., in Nos. 8556 and 8557, should be and hereby are taxed against defendant, for which execution may issue.

TITUS, J., concurs.

HOGAN, J., not participating.