Fay FEDERBUSH, Appellant,

v.

MARK TWAIN PARKWAY BANK and Richard N. Federbush, Respondents.

No. 39993.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 12, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

Application to Transfer Denied
Feb. 13, 1979.

---

Greensfelder, Hemker, Wiese, Gale & Chappelow, John J. Bahnak, Jr., St. Louis, for appellant.

Theodore F. Schwartz, Clayton, for defendant Federbush.

CLEMENS, Judge.

Conflict of laws case. Plaintiff, divorced wife of defendant Richard Federbush, and mother of his 19-year-old child, sought by execution and garnishment to collect for unpaid adjudicated child support payments. The trial court quashed the garnishment on defendant's motion because the parties' child had reached majority under the law of Massachusetts, where she now resides with plaintiff. Plaintiff has appealed.

The issue: Is the father's obligation to pay child support to be enforced by the law of Missouri where it exists until the child becomes twenty-one, or is that obligation terminated by the law of Massachusetts, where the age of majority is eighteen years?

Plaintiff and defendant were divorced in St. Louis County in 1972. The decree provided plaintiff was to have custody of their 14-year-old child and she be allowed to remove the child to Massachusetts; that defendant pay plaintiff $400 a month for child support.

The child turned eighteen on September 13, 1976 and defendant ceased making child-support payments. He did this on the ground that the child, domiciled in Massachusetts since 1972, had attained majority there at the age of eighteen years, thereby terminating his obligation.

██ Generally, in Missouri, the obligation to pay decreed child support continues until the child attains majority at the age of twenty-one or has been emancipated, or until such order is modified by the court. *Martin v. Martin*, 539 S.W.2d 756[1, 2] (Mo. App.1976); *Specking v. Specking*, 528 S.W.2d 448[3, 4] (Mo.App.1975). Ordinarily, jurisdiction to declare a child's status is determined by its domicile. It was so stated in *Beckmann v. Beckmann*, 218 S.W.2d 566[3] (Mo. banc 1949), now relied on by

defendant. In that case, however, the court was ruling on child custody, not child support as here. The *Beckmann* court did deny child support, but on a different ground—that service by publication did not give the trial court jurisdiction to render a monetary judgment.

■ When ruling upon a father's obligation to support his child, the law of the father's domicile determines the child's status as a minor. See *Yarborough v. Yarborough,* 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269[8] (Mo.1933); followed in *Berkley v. Berkley,* 246 S.W.2d 804[2] (Mo.1952).

■ In *Berkley* the defendant-father lived in Missouri and the plaintiff-mother lived with their minor child in California. She sued here to compel the father to support the child. In the trial court the father prevailed, contending he was not liable under California law. Reversing, the supreme court held: "The character and extent of the father's obligation, and the status of the minor, are determined ordinarily, not by the place of the minor's residence, but by the law of the father's domicile. . . ." We recognize that in *Berkley* the plaintiff sought to recover on the husband's common law obligation, for there had been no divorce. That difference does not help defendant because, as ruled in *Lodalh v. Papenberg,* 277 S.W.2d 548[1, 2] (Mo.1955): "A father has the primary common-law duty and obligation to support his minor children, regardless of whether there is in force a valid order of court requiring him to do so. The order contemplated by the statute, Section 452.070, supra, is a determination of the father's liability for the support of the minor child and the order and judgment are in effect a substitution for the father's common-law liability which would otherwise exist."

■ In determining the father's obligation under the Missouri judgment to support his child, we hold the child's domicile in Massachusetts does not control. Compare the case of *Nelson v. Browning,* 391 S.W.2d 873[10–13] (Mo.1965) where a minor Missouri resident was injured here and executed a release in Arkansas, permissible under its law. In ruling the release invalid the court held: "The internal law of Missouri, where the cause of action accrued, and not the Arkansas law, governs in determining whether plaintiff was or was not a minor, and therefore whether plaintiff was capable or incapable of executing a valid release." The court relied on its earlier case of *Philpot v. Mo. Pac. Ry. Co.,* 85 Mo. 164 (Mo. 1884), holding: "As to acts done and rights acquired here, the laws of this state and not those of Texas, must determine whether the son was or was not a minor."

Following these principles, we hold that the law of Missouri, imposing upon defendant-father by unchallenged decree the obligation to support his child until she is twenty-one is the controlling law, not to be negated by the fact that he has no such obligation under the laws of Massachusetts.

The judgment is reversed and the cause remanded with instructions to set aside the quashal order.

REINHARD, P. J. and GUNN, J., concur.