**In re Duane E. DIXON, Debtor.**

**Bankruptcy No. 98–45269.**

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Jan. 26, 2000.

---

34. *Id.*

35. *Id.*

36. Fed. R. Bankr.P. 7001.

Carl E. Laurent, Independence, MO, for Debtor.

Katharine S. Bunn, Columbia, MO, for Curators of the University of Missouri.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

Debtor Duane Dixon objected to the claims filed by the Curators of the University of Missouri (MU), in the amount of $10,524.03, and American Home Patient (American), in the amount of $2,187.97.

American did not appear at the scheduled hearing, and an Order was entered sustaining the objection. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

Duane and Dawn Dixon have a son, Travis, who was hospitalized for spinal meningitis in 1996. Dawn, as the custodial parent, authorized the hospitalization. Dawn was obligated to provide medical insurance for Travis in Dawn and Duane's divorce, but she failed to do so. Duane filed a bankruptcy petition on December 9, 1998. MU filed a proof of claim for the cost of Travis' hospitalization. In Missouri parents have a common law duty and obligation to provide medical care for their children. An order of support entered in a dissolution proceeding is a substitution for the parent's common law liability. Is Duane liable for the medical costs of his son in light of the Divorce Decree (the Decree)?

## DECISION

The child support mandated in the Decree and the Partial Settlement and Separation Agreement (the Agreement) replaced Duane's common law obligation and duty to support Travis. Dawn had the option of asking the state court to modify the Decree to include medical expenses. She, however, could not voluntarily increase Duane's court mandated support to include the medical expenses without Duane's consent. Since Dawn authorized Travis' admittance to the hospital, MU cannot look to Duane for payment. The objection to the claim of MU will be sustained.

## FACTUAL BACKGROUND

The marriage of Duane and Dawn Dixon was dissolved on August 8, 1992. Duane and Dawn have two children, Travis and Heather. The Decree ordered Duane to pay child support in the amount of $175.00 a month for each child. The Agreement required that Dawn obtain health insurance for the children, and that Duane pay incidental medical expenses not covered by insurance. Dawn failed to obtain health insurance for Travis and Heather. In 1996 Travis contracted spinal meningitis requiring hospitalization. Dawn decided which hospitals to use and authorized the care. Travis, ultimately, was transferred to the University of Missouri Medical Center in Columbia, Missouri. The cost of his care at that hospital was $10,524.03. Since Dawn did not have medical insurance for Travis, the hospital did not receive reimbursement from a third party carrier for the services they provided.

On December 9, 1998, Duane filed a Chapter 13 bankruptcy petition. On March 3, 1999, MU filed a proof of claim in the amount of $10,524.03 for medical services. On September 17, 1999, before confirmation of a Chapter 13 plan, this Court converted the case to Chapter 7. Duane filed an objection to MU's proof of claim. On January 4, 2000, this Court held a hearing on the claims' objection. Duane argued that Dawn was obligated to maintain health insurance on Travis, that Dawn never sought modification of that requirement, that he never agreed to be responsible for the services rendered, and that those services do not fall into the category of incidental medical expenses. MU argued that a father has a common law obligation to provide medical services to his children, and if he fails to do so, he is liable to a third party that so provides. The parties do not dispute that the services provided were reasonable and necessary. The only dispute is as to who should be responsible for payment of those services.

## DISCUSSION

■ The father of minor children has a common law duty and obligation to provide support to his children, including medical services.[1] Moreover, the Doctrine of Necessaries states that both parents are responsible for providing reasonable medical care for their children, and that the obligated party does not have to know of or assent to treatment if the treatment is reasonable and necessary.[2] In the event of a divorce, however, the Decree and/or Agreement, or any other order of the court, determine the amount of a father's liability.[3] In other words, the Decree provides a method for determining in advance the extent of a husband's common law obligation for support, and an order for support substitutes for the common law liability that would otherwise exist.[4] I, therefore, find that, in this case, Duane's common law duty and obligation to support his children was replaced by the Decree and Agreement. The Decree in this case provides that Duane will pay $350.00 a month in child support:

> Petitioner [Duane Dixon] is to pay child support in the amount of One Hundred Seventy–Five Dollars ($175.00) per month per child for both children beginning July 15, 1992 and continuing there-

1. *State ex. rel. Div. of Family Serv. v. Standridge,* 676 S.W.2d 513, 515 (Mo.1984)(en banc); *Lodahl v. Papenberg,* 277 S.W.2d 548, 550–51 (Mo.1955); *Gardine v. Cottey,* 360 Mo. 681, 709, 230 S.W.2d 731, 749 (Mo.1950)(en banc); *Rebound, Inc. v. Pugh (In re Bonner),* 954 S.W.2d 356, 363 (Mo.Ct.App.1997); *Ford v. Ford,* 867 S.W.2d 639, 641 (Mo.Ct.App. 1993); *State v. Davis,* 675 S.W.2d 410, 415 (Mo.Ct.App.1984); *In re Marriage of D.M.S. and P.E.S.,* 648 S.W.2d 609, 615 (Mo.Ct.App. 1983); *Federbush v. Mark Twain Parkway*

*Bank,* 575 S.W.2d 829, 831 (Mo.Ct.App.1978); *Sportsman v. Sportsman,* 409 S.W.2d 787, 791 (Mo.Ct.App.1966).

2. *Rebound, Inc. v. Pugh (In re Bonner),* 954 S.W.2d at 363.

3. *Lodahl v. Papenberg,* 277 S.W.2d at 551 (Mo.1955).

4. *Gardine v. Cottey,* 230 S.W.2d at 731.

after on the fifteenth of each month. Child support to be paid directly to Respondent [Dawn Dixon].[5]

The Agreement provides that Dawn is to provide medical insurance for both children:

11. WIFE shall, in addition, cause said minor children to be covered by medical, health, hospitalization and medical health insurance. HUSBAND shall be responsible for incidental medial expenses not covered by said insurance. These obligations shall continue until there is no further duty to support said children.[6]

The Agreement is clear and unambiguous that Dawn was to provide for medical insurance. It is undisputed that she failed to do so. Missouri law provides for the modification of support judgments upon a showing of changed circumstances:

1. Except as otherwise provided in subsection 6 of section 452.325, the provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so continuing as to make the terms unreasonable.[7]

There is no evidence that Dawn ever sought modification of either the Decree or the Agreement. Without modification, Dawn is responsible for payment of all medical bills that would have been paid by insurance. MU attempted to argue that, since Travis's care was not covered by insurance, all of the costs incurred were incidental medical expenses. Such reasoning is not supported by the language of the Agreement. The Agreement clearly mandated that Dawn obtain medical insurance and it clearly limited Duane's liability to expenses not covered by insurance. There is no way determine those expenses if there was no insurance, nor did MU offer any evidence of what incidental medical expenses might be. Incidental is defined as "subordinate to something of greater importance; having a minor role."[8] MU's proof of claim represents the total cost of Travis' hospitalization.[9] I find the proof of claim is not for incidental medical expenses. The objection to the proof of claim filed by MU will, therefore, be sustained.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

5. Pl.Ex. # 1.

6. Pl.Ex. # 2.

7. Mo. Stat. Ann. § 452.370 (Supp.2000).

8. **Black's Law Dictionary** 304 (Bryan Garner, ed.1996).

9. Proof of Claim # 28.