James M. NELSON, (Plaintiff) Appellant,

v.

Frances Reyburn NELSON, (Defendant) Respondent.

No. 30942.

St. Louis Court of Appeals.

Missouri.

May 15, 1962.

Walter Wehrle, Thomas W. Wehrle, and Wehrle and Wehrle, Clayton, for appellant.

Claude McElwee, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an appeal by plaintiff, James M. Nelson, from an order of the circuit court entered February 10, 1961, on the motion of defendant, Frances Reyburn Nelson, to modify a decree of divorce theretofore granted defendant on November 5, 1952, increasing the allowance to defendant for the support and maintenance of Valle Reyburn Nelson, the minor child of the parties, whose custody was awarded to defendant by the divorce decree, from $230.00 a month to $450.00. The Court also allowed defendant the sum of $600.00 as and for an attorney's fee.

At the time of the divorce the child was two years old, and at the time of the trial below his age was ten years. When the divorce was granted, respondent and the child lived with defendant's mother and father. They continued to reside with respondent's parents until 1955, when respondent's father died, and from that date lived with respondent's mother until the year 1957. At the time of the trial respondent lived with the child in her own home in Clayton, Missouri.

Respondent testified that the amount allowed for support was not in accord with the way she was reared, and that she had to "stretch" the money received and use some of her own to provide for the child. She has purchased secondhand clothing for the child at a "resell it" shop in Clayton, and bought his shoes and underwear from Montgomery Ward. She stated she bought his clothing in sizes too large for him so that they could be worn for a long time. She bought his shirts too big and would take tucks in the sleeves and let them out as he grew older. Although Valle is pigeontoed, she was unable to have corrective shoes for him. He has crooked teeth, but braces for them are too expensive for her to buy.

Respondent further testified that she has sent Valle to the Rossman School, which is located on Delmar Boulevard near Clara Avenue. This school is a private school and is supposed to have a high standard of education. The tuition is $300.00 or $400.00 a semester plus extra expenses as lunches, transportation and books. Respondent has been a member of a cardriving pool formed with other mothers in order to save transportation expense. She has been driving twice a week. She has been driving a 1951 model Chevrolet.

It has been respondent's desire that Valle learn to ride horseback, and in order that he might do so, respondent has been teaching a class of beginners in horseback riding at the St. Louis Country Club. In this way she has been able to secure lessons for Valle at a cheaper rate. He takes horseback riding lessons once every two weeks. Respondent is able to pay for these lessons, but in doing so has denied to herself other things. Valle belongs to the Cub Scouts, and respondent is a Den Mother. She bought his Scout uniform, new, at Famous-Bar department store because there was no place where she could purchase it secondhand. Valle is very athletic and desires athletic equipment, which respondent is unable to buy because she cannot afford it.

However, she did buy him a sailboat, a baseball glove and a used tennis racket.

Respondent further testified that money has been very important in rearing Valle; that she had to "stretch" her money in order to do the best for him, and has become rather adept at it. She buys articles of food at the A. & P. store in quantities that are on sale, but does not purchase steaks or expensive meats. She stated that the money spent for the boy's support has had an effect on her own activities and her ability to provide things for herself. She painted her own house, and furnished it with secondhand furniture. She was unable to have her automobile washed. She was not able to go to a hair dresser except on rare occasions.

Respondent desires to have Valle attend Country Day School, where most of the boys from Rossman School go. The expenses at Country Day, for each term for the fifth to the seventh grade, are $950.00 a term, plus $485.00 a year for extra expenses. After the seventh grade these expenses are increased. Respondent testified she would be unable to pay tuition for Valle at Country Day School and other expenses, on the allowance of $230.00 a month she had been receiving under the original decree.

Appellant has a one-fourth interest as cestui que trust in a trust estate created under the will of James M. Nelson, Jr. In 1952 one-fourth of the value of this estate was approximately $176,000.00, and in 1959 one-fourth value amounted to approximately $286,000.00. In 1952 appellant's share of the income from this trust was approximately $6,500.00 and in 1959 approximately $9,400.00.

Appellant was also the beneficiary of another trust estate created by James M. Nelson. His interest is one-fourth. In 1952 one-fourth of the value of the corpus of this estate was approximately $74,000.00 and in 1959 approximately $180,000.00. In 1952 appellant's share of the income from this trust estate was approximately $2,700.-00 and in 1959 approximately $3,800.00.

Appellant is also an income beneficiary of a trust created by Lewis C. Nelson. The income from this trust in 1959 was $3,760.-00, and in 1960, $3,860.00. The last income paid appellant from this estate was on March 18, 1960. To the date of the hearing there was an accumulation of income amounting to $2,115.45.

Appellant is also a beneficiary of another trust created by James M. Nelson, Jr. He has a one-fourth beneficial interest in this estate. In 1959 appellant's share of the income from this trust was $2,061.67.

Appellant was also the beneficiary of a revocable trust created by himself, and which was revoked in 1954. At the time the trust was revoked the assets thereof were delivered to appellant. These assets were, according to a statement in respondent's brief, of the value of $413,048.62. He also had a checking account in the Harris Trust and Savings Bank of Chicago, Illinois. Between April 10, 1959 and July 14, 1960, appellant deposited many thousands of dollars in this account. His balance in the account on July 14, 1960 was $891.66.

Appellant is 41 years old. He has remarried since his divorce from respondent. No child has been born of this last marriage. He lives with his present wife near Godfrey, Illinois, on a tree farm consisting of about 46 acres. The house in which appellant and his wife live cost him $61,296.-80. Respondent's counsel tried to elicit from appellant the amount of income received from this farm but was unsuccessful. Appellant finally did say that he received a respectable income for the previous year. At the trial plaintiff's counsel, in open court, stated that the depositions taken by respondent show that appellant has sufficient income to meet any order the court might enter in the cause. On this appeal there is no contention that appellant's income is insufficient to pay the amount of the allowance entered by the trial court.

Appellant testified that he believed it would not be a good thing for his son to

attend a private school, especially Country Day; that it puts a person at a disadvantage to attend such schools, because of the sheltered life which the child leads in such a school. He also stated that it tends to snobbery. Appellant further testified that he attended two private schools in the St. Louis area, namely, Country Day School and John Burroughs. He also attended Phillips Academy in New England, Ashville School for boys at Ashville, North Carolina, and Yale University, where he obtained a degree. He further testified that he definitely felt underprivileged because his parents sent him to private schools.

Appellant contends that the trial court erred in increasing the allowance for support and maintenance from $230.00 per month to $450.00 per month, for the reason that there is no probative evidence as to the needs of the child. It is further urged that the increase made was excessive.

In appellant's brief it is conceded that there has been a change of conditions since the amount of support was fixed at $230.00 per month; that at the time of the original allowance Valle was but two years of age; that at the present time his needs are greater and that the cost of living has increased since the date of the original order. It is also conceded that appellant has adequate property and income to fully support and educate his son. But it is urged that the judgment should be reversed because there was no evidence of monthly household expense, on the amount allocated as the child's share of those expenses; that there was no evidence as to other personal expenses, such as dental, medical, clothes, transportation costs, spending money or other necessary expenses.

It is clear from the evidence in this case that Valle is entitled to an allowance for his support in excess of the bare necessities of life. The evidence shows that his father is a man of means, and under the circumstances shown, Valle is entitled to be maintained according to the station in life occupied by a person of his father's financial standing. It is not unreasonable for such a child to be sent to private schools, attend summer camps, and to enjoy certain privileges not usually had by boys whose fathers are not as able to provide such advantages. But before a court can exercise its discretion in awarding an amount to meet the child's necessities and the other expenditures to which the child is entitled there should be sufficient evidence adduced as to the cost of those items. In the case at bar the evidence is too meager for any court to intelligently arrive at the proper amount that should be allowed respondent for the support of Valle, without resort to speculation and conjecture. This, a court should never do. While it is impossible to give testimony of the exact amount required in such cases, we believe that evidence could have been produced in this case which would have given the court some guide to intelligently arrive at a sum which would approximate the amount necessary to meet the needs of the child. While there was some evidence adduced as to the cost of certain items necessary for the proper maintenance of the child of the parties, most of the testimony given by respondent consisted of conclusions which furnished no guide to the court in arriving at the proper amount to be awarded.

In view of what we have said it is apparent that this court is in no position to pass upon the issue of excessiveness which is appellant's second point. It does appear, however, that the evidence could be more fully developed. For that reason the judgment of the trial court is reversed and the cause remanded.

WOLFE, J., and SAMUEL E. SEMPLE, Special Judge, concur.

RUDDY, J., not participating.