Dorothy Janice McCULLOUGH, Plaintiff-Respondent,

v.

Lawrence Neil McCULLOUGH, Jr., Defendant-Appellant.

Dorothy Janice McCULLOUGH, Plaintiff-Appellant,

v.

Lawrence Neil McCULLOUGH, Jr., Defendant-Respondent.

Nos. 32251, 32252.

St. Louis Court of Appeals.

Missouri.

April 19, 1966.

Schneider, Sumner, Hanlon, & Boyle, John F. Hanlon, Clayton, for plaintiff-appellant-respondent Dorothy Janice McCullough.

Tremayne, Joaquin, Lay & Carr, Kenneth S. Lay, Clayton, for defendant-appellant-respondent Lawrence Neil McCullough, Jr.

ANDERSON, Judge.

In cause No. 32,252, plaintiff, Dorothy Janice McCullough has appealed from a judgment for defendant in an action to increase the allowance to her for child support previously awarded in a divorce action. The appeal in cause No. 32,251 is by Lawrence Neil McCullough, defendant in said action, from an award to plaintiff of attorney's fees in said suit. The appeals were consolidated for hearing in this Court.

The divorce suit was filed on April 26, 1957, and the decree rendered June 28, 1957. Prior to the trial, plaintiff and defendant entered into an agreement with respect to their property rights, alimony, custody of the children born of the marriage and the allowance for child support, all subject to the approval of the Court. The parts mate-

rial to the issues on this appeal are as follows:

"1. The Plaintiff shall have primary custody of the minor children born of the marriage, namely, Lawrence Neil McCullough, III, and Carol Adams McCullough, subject to the right of Defendant to see and visit said children at reasonable times and subject, further, to the right of Defendant to have temporary custody of said children for a period of one month each year during their summer vacation from school beginning in 1958, and subject, further, to the right of Defendant to have temporary custody of said children one weekend each month from 5:00 P.M. on Friday until 8:00 P.M. on Sunday and during one-half of the Christmas vacation of said children each year, and it is further agreed that during such periods of temporary custody by Defendant that he may remove said children from the State of Missouri.

"2. That the Defendant shall pay to Plaintiff for the support of each child the sum of TWO HUNDRED DOLLARS ($200.00) per month, a total of FOUR HUNDRED DOLLARS ($400.00) per month.

"3. That Defendant shall pay to Plaintiff as and for alimony the sum of TWO HUNDRED AND FIFTY DOLLARS ($250.00) per month.

\*     \*     \*     \*     \*     \*

"5. It is understood by Plaintiff and Defendant that the sums for child support and alimony above mentioned are based in part on an expected future increase in the income of Defendant and it is recognized that such sums, considering the present income of Defendant, are liberal, and it is further understood by Plaintiff and Defendant that a decree of divorce incorporating provisions of this stipulation and agreement with respect to the custody and support of said children and alimony to be paid to Plaintiff, shall be and is, subject to change and modification by the Court upon applica-

tion of either party hereto and a showing of changed circumstances arising subsequent to the granting of said decree which may in law authorize the Court in making such change or modification.

\*     \*     \*     \*     \*     \*

"10. The original of this Stipulation and Agreement will be filed with the Court and made a part of such decree of divorce as may be entered between Plaintiff and Defendant."

In the decree, the Court found plaintiff was the innocent and injured party and entitled to the relief prayed for in her petition. It dissolved the bonds of matrimony existing between the parties and granted plaintiff the custody of the two children born of the marriage. It provided for temporary custody and visitation rights in defendant in the manner specified in the stipulation, also alimony and support money for the children in the amounts stipulated, said decree reading as follows:

"\* \* \* that said plaintiff have and recover of said defendant the sum of $250.00 per month as and for alimony and the sum of $200.00 per month as and for the support of each of said children, making a total of $650.00 per month, the first payment due and payable forthwith and the same amount due and payable on the 28th day of each month, until further ordered by the Court; \* \* \* and that said defendant pay the costs herein incurred. Stipulation filed and made part of this decree. Said Stipulation is in words and figures as follows, to wit: \* \* \*." (The stipulation is then set out in full as a part of the decree.)

Thereafter, and on September 16, 1964, the decree was, upon stipulation of the parties, modified by the following order.

"Stipulation for Modification of Judgment and Decree filed and pursuant thereto judgment and decree of June 28, 1957 amended as follows:

"Plaintiff permitted to take the minor children of the parties, Lawrence Neil

McCullough, III, and Carol Adams McCullough to the vicinity of Wilmette, Illinois, and there to have said children in her custody and under her control subject to the visitation and temporary custody rights granted to defendant in the decree of this Court entered in this cause June 28, 1957."

On October 30, 1964, plaintiff filed the present motion to modify. In said motion, plaintiff sought an increase in child support to $300 per month for each child, for costs and a reasonable attorney's fee for the prosecution of said action. The grounds alleged were: (1) substantial increase in the cost of living since the date of the original decree; (2) increase in the necessary expenditures for food, clothing, educational needs and social activities since the date of the original decree; (3) improvement in defendant's financial condition.

At the time of the hearing, plaintiff was residing with the two children at Wilmette, Illinois. Her son, Lawrence Neil McCullough, III, was eight years old at the time of the divorce, and sixteen years of age at the time of the hearing, (March 3, 1965). The daughter, Carol, was four years old when the divorce was granted, and eleven years of age at the time of the hearing. The son attends high school and the daughter is in the sixth grade. No evidence was offered as to how much was needed for the support of each child as of the time of the divorce, nor was there any evidence adduced to show the total amount needed for their support at the time of the hearing. However, plaintiff testified that the expense for the support of the children had increased since the divorce. In her testimony, she stated the monthly increase was as follows:

For son, Lawrence:

| | |
|---|---|
| Cost of living | $ 15.00 |
| Food | 25.00 |
| Clothing | 15.00 |
| Books | 10.00 |
| School supplies such as gym outfits "and everything that is required for high school boys at this age, his bus fare, lunch and allowance" | $ 35.00 |
| (Plaintiff stated that at the time of the divorce, they lived a block from school, and for that reason there was no bus fare, and no lunch money to be provided for the reason he came home for lunch. She also stated his allowance at the time of the divorce was less than at present.) | |
| Additional insurance beginning June 1, 1965 when son starts driving automobile | 12.50 |
| Music lessons | 7.50 |
| Guitar lessons | 10.00 |
| Total monthly increase for Lawrence | $130.00 |

For daughter, Carol:

| | |
|---|---|
| Cost of living | $ 15.00 |
| Clothing | 15.00 |
| Food | 25.00 |
| Lunches and allowance including Girl Scouts and Club | 15.00 |
| Books and supplies | 5.00 |
| Eye glasses, dental bills and Social activities | 25.00 |
| Total monthly increase for Carol | $100.00 |

It does not appear what the general increase in the cost of living of $15.00 per month includes; whether the items of food, clothing etc., generally regarded as an element in the cost of living, or items not listed or both. Plaintiff was not cross-examined by defendant's counsel.

Plaintiff is not employed and has not been employed since the divorce. She testified she had no income other than what she receives as alimony and child support. She further stated she lives in an apartment with her two children.

Interrogatories propounded by plaintiff and defendant's answers thereto were admitted in evidence. The answers contain information with respect to defendant's income, both gross and net from 1956 through 1964.

According to said answers, defendant had, in 1956, a gross income of $14,856.42. During that year he expended $671.69 for office expense, interest in the sum of $932.75, and taxes in the amount of $2,113.73, a total expenditure of $3,718.17, leaving a net income of $11,138.25 for said year.

Said answers stated that in 1957, defendant had a gross income of $12,240.79. During that year, he expended $1,750.00 for alimony; interest, $466.37; taxes, $2,381.96; or total expenses of $4,598.33, leaving a net income of $7,642.46.

In 1958, as revealed by said answers, defendant had a gross income of $9,435.97. Expenditures were: alimony, $2,750.00; interest, $412.18; taxes, $1,767.18; or a total of $4,929.36, leaving a net income of $4,506.61.

In 1959, defendant revealed a gross income of $15,933.35. Expenses listed were: alimony, $3,000; interest, $1,026.17; taxes, $2,356.81 and business expense, $159.21; total expenses, $6,542.19; leaving a net income of $9,391.16.

In 1960, defendant had a gross income of $14,109.59. Expenses listed were: alimony, $3,000.00; interest, $943.88; taxes, $1,974.-71; and business expenses, $266.43; total expenses, $6,185.02; leaving a net income of $7,924.57.

In 1961, defendant had a gross income of $15,248.42. Expenses listed were: alimony, $3,000.00; interest, $842.24; taxes, $3,643.81; and business expenses, $608.44; total expenses, $8,094.49; leaving a net income of $7,153.93.

In 1962, defendant had a gross income of $42,737.90. Expenses listed were: alimony, $3,000.00; business expenses, $11,680.59; and taxes, $7,217.18; total expenses listed, $21,897.77; leaving a net income of $20,840.13.

In 1963, defendant had a gross income of $41,710.48. Expenses listed were: business expenses, $13,992.37; alimony, $3,000; interest, $1,101.10; and taxes, $5,737.09; total expenses, $23,830.56; leaving a net income of $17,879.92.

In 1964, defendant had a gross income of $47,303.11. Expenses listed were: business expenses, $16,041.83; interest, $3,440.71; taxes, $6,073.22; and alimony, $3,000.00; total expenses, $28,555.76; leaving a net income of $18,747.35.

Following the answers disclosing the gross and net income is the notation: "This does not include child support of $400.00 per month * * *. I have not included such capital contributions as insurance payments, debt retirement, gifts to children and others in nominal amounts, medical expenses, and others."

The answers to the interrogatories also listed property owned separately by defendant and other property owned by him and his present wife (Peggy June) as community property. Listed as community property was a residence in Albuquerque, New Mexico, the value of which he estimated to be $50,000.00. As separate property, he listed an apartment building which he estimated the value to be $35,000.00. The foregoing real property was said to be subject to a total contract and mortgage indebtedness in the amount of $70,692. Listed as personal

property: cash in banks, $3,871.54; stock in LaMesa Medical Center, $5,000; office furniture and fixtures, $2,000; home furniture and fixtures, $4,000; and automobile, $3,225. Following the list of personal property is the statement that all his personal property was subject to personal indebtedness as follows: notes payable to Margaret McCullough (defendant's mother), $20,000; notes payable to McHenburk Apartments, Inc., $11,000; accounts payable to Broadway Lumber Company, $5,196.56; Bank of New Mexico, $559; open accounts payable —estimated, $2,000.

There appears in said answers the following: "There have been gifts to me of nominal amounts from time to time of which no records have been kept, such gifts being of no consequences. I received stock of Broadway Lumber Company in 1963 valued at $14,062.00, which I have since surrendered and which has no value at this time."

It further appears that prior to the divorce, defendant and plaintiff owned an equity in a residence in Webster Groves worth from $3,000.00 to $4,000.00 which property was conveyed to plaintiff pursuant to the property settlement entered into by the parties at the time of the divorce.

It further appears from said answers that defendant is a residuary beneficiary of a testamentary trust under the Last Will and Testament of L. N. McCullough, deceased. He stated his mother was the primary beneficiary, and that all of the assets of the trust were pledged to the First National Bank in Albuquerque, New Mexico. It was also stated that defendant had no idea of the value of the trust estate, but believed it might have no value unless his mother should prevail in a certain lawsuit pending in New Mexico.

The defendant did not take the stand, although present in Court. Nor did plaintiff call defendant as an adverse witness which she might have done to clear up certain matters in defendant's answers to the interrogatories which she now complains were not adequately explained.

Plaintiff contends that the failure and refusal of the trial court to increase the allowance for child support amounted to an abuse of discretion and, for that reason, this court should order judgment in accordance with the prayer of her motion. Defendant contends there was no abuse of discretion shown, especially in view of the fact that plaintiff failed to produce evidence of the amount needed for the support of the children.

■ The motion to modify does not allege that the circumstances have changed in such a manner and degree as to render the original provisions for support unreasonable, unjust and inadequate, nor did plaintiff so testify. There was no testimony whatever as to the amount actually needed for the support of these children. Before a court can exercise its discretion in ordering an increase in child support to meet the child's necessities and other expenditures to which the child is entitled, there should be evidence adduced as to the cost of those items. Nelson v. Nelson, Mo.App., 357 S.W.2d 223.

In the case at bar, plaintiff's testimony did establish that the needs of the children are greater now than they were at the time of divorce, but her evidence furnished no guide which would enable the court to determine without speculation and conjecture, the proper amount to be awarded. The stipulation, upon which the original decree was based, recognized that the allowance of $200.00 per month for each child was not based upon actual need but in part on expected future increase in defendant's income. On the record before us, we do not believe plaintiff has met the burden of proof necessary to warrant an increase in the original allowance.

■ In arriving at this conclusion, we are not unmindful of the rule that a court, in the exercise of its discretion, may make an allowance in excess of the bare necessities of life if the circumstances so warrant. Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189, and that children are entitled

to be maintained according to the station in life occupied by a person of their father's financial standing; and enjoy certain privileges not usually had by children whose fathers are not able to provide such advantages. Nelson v. Nelson, supra. But before such an allowance can be made, there must be evidence upon which to base it, and when such evidence is introduced, the amount to be allowed is addressed to the sound discretion of the trial court. Here the trial court had before it, the evidence of the father's financial condition and the means possessed by the mother; but no evidence as to the total actual cost of the necessities and other privileges to which they may have been entitled. The trial court denied the increase. In the state of the record, we find no abuse of discretion.

In defendant's appeal, it is urged that the evidence was insufficient to support an allowance for attorney's fees for the reason it was not shown that plaintiff did not have sufficient means to pay her attorney. There is no complaint as to the amount allowed.

Plaintiff testified that she was not employed at the time of the hearing and her only income was that which she received as alimony and support for the children. At the time of the divorce as a part of the property settlement, defendant conveyed to plaintiff all his right title and interest to residence property in Webster Groves, and to all furniture, linens, dishes, silverware, equipment, and effects contained in said residence. He also transferred to her a 1956 Bel Air automobile; plaintiff agreeing to make the payments thereafter due on the purchase price of said car. The equity in the residence property was valued at $3,000.00 or $4,000.00. It does not appear whether plaintiff still owns this property or has in her possssion the proceeds of any sale of said property. The value of the household furniture was estimated by defendant at $3,000. There was no value placed on the 1956 automobile, nor does it appear that plaintiff still owns same. There was no evidence in the record that plaintiff owns or has owned any assets other than the above mentioned property. She lives with her children in an apartment.

 Whether an allowance for attorney's fees in cases of this kind is allowable rests within the sound discretion of the trial court, Wonneman v. Wonneman, Mo. App., 305 S.W.2d 71, l. c. 81; and the exercise of that discretion will not be interfered with unless it has been manifestly abused. Boll v. Boll, Mo.App., 287 S.W. 834; Baer v. Baer, Mo.App., 51 S.W.2d 873; Wonneman v. Wonneman, supra; Bettinger v. Bettinger, Mo.App., 355 S.W.2d 354. We see no reason for interfering with the discretion exercised by the trial court in making the allowance in this case.

The judgment in cause No. 32,251 is affirmed.

The judgment in cause No. 32,252 is affirmed.

WOLFE, P. J., and RUDDY, J., concur.