ALICE E. BRIGGS *vs.* GEORGE S. BRIGGS.

Middlesex.    December 5, 1945. — February 1, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Marriage and Divorce,* Separate maintenance, Execution, Modification of decree. *Probate Court,* Judicial discretion. *Words,* "May."

In this Commonwealth, by reason of the peculiar nature of a decree for separate maintenance and the power of the court to revise and alter such a decree at any time, execution is not necessarily to issue for arrears found to be due thereunder, but it is within the discretion of the court, upon consideration of any change in the condition of the parties and of any facts that have occurred after the entry of the original decree, to determine in what amount, if any, an execution shall issue for unpaid arrears; and no separate petition for modification of the original decree is necessary.

Dismissal of a petition by a wife for an execution for arrears under a decree for separate maintenance did not disclose an abuse of discretion where it appeared that the wife had broken an agreement made with

the husband and an assurance given the court when the original decree was entered that a minor son of the parties, placed in her custody by the decree and then in school in California, would be returned by her to this Commonwealth to spend the ensuing summer with the husband and that at the end of the summer the son would decide whether he desired to remain here or to return to California; and that she had procured an interlocutory decree of divorce in California in which she had been granted exclusive custody of the son.

PETITION, filed in the Probate Court for the county of Middlesex on December 29, 1944, for an execution.

The case was heard by *Poland, J.*

*J. M. Graham*, for the petitioner, submitted a brief.

No argument nor brief for the respondent.

SPALDING, J. · The petitioner appeals from a decree of the Probate Court dismissing a petition in which she seeks an execution for the arrears alleged to be due her for her separate support under a former decree of that court. The evidence is not reported, but at the request of the petitioner the judge made a report of the material facts found by him. G. L. (Ter. Ed.) c. 215, § 11. In these circumstances the question for determination is whether the facts found, together with the reasonable inferences therefrom, support his decision. *Mooney* v. *Mooney*, 317 Mass. 433, 434. No facts can be implied from the entry of the decree. *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727.

The facts found by the judge are these: At the time the petition for separate support was filed, on August 3, 1943, the parties lived in Malden. On or about August 19, 1943, the petitioner left this Commonwealth for California with the son, then aged fourteen years. The petition was heard on the merits on April 27, 1944, at which time an order was made that the petitioner should have custody of the son and that the respondent should pay toward the support of the petitioner and the son $20 per week for six months, and thereafter $15 per week. The son was then attending school in California, and it was stated to the court and agreed by the parties that upon the return of the petitioner to California the son should remain there for the purpose of finishing his school year, at the end of which he was to be returned

by the petitioner to Massachusetts in order that he might spend the summer with his father, the respondent. It was further agreed that the son, at the end of the summer, would decide for himself whether he would return to the petitioner in California or would stay in Massachusetts; and the petitioner agreed that if the son chose the latter alternative she would return and establish a home for him here. The respondent made the payments ordered until about July 1, 1944, the time when the son was to have been returned to Massachusetts. The son stayed in California and the respondent has made no payments under the decree since. On September 29, 1944, the petitioner instituted proceedings for divorce in California in which she asked for the exclusive custody and control of the son. Service was made upon the respondent here as required by the law of California. The respondent did not appear, and on February 16, 1945, the court entered an interlocutory decree of divorce by the terms of which the petitioner was granted the exclusive custody of the son, and the decree was to become final at the expiration of one year on motion of the court or of either party thereto. On December 29, 1944, the present petition was filed in which the petitioner asked for an execution for the amount unpaid under the separate support order which, on that date, amounted to $410. No petition for modification of the original order was filed.

We are of opinion that the record shows no error in the dismissal of the petition by the trial judge. General Laws (Ter. Ed.) c. 209, § 32, governing orders relative to the separate support of a wife and the care, custody and maintenance of minor children, provides that upon the application of the husband or wife the court may, from time to time, "revise and alter such order or make a new order or decree, as the circumstances of the parents or the benefit of the children may require." Section 33 of the same chapter, as appearing in St. 1933, c. 360, makes §§ 33 and 35 of c. 208 (which relates to divorce proceedings) applicable to separate support petitions "and to all subsidiary proceedings arising thereunder, so far as appropriate." General Laws (Ter. Ed.) c. 208, § 33, provides that the court "may issue process of at-

tachment and execution and all other proper and necessary processes." Under § 35 "The court may enforce decrees for allowance, alimony or allowance in the nature of alimony, in the same manner as it may enforce decrees in equity." See also G. L. (Ter. Ed.) c. 215, § 34. "Proceedings for separate maintenance, so far as they concern payments ordered to be made by a husband to his wife, in general conform to those respecting alimony in libels for divorce." *Williamson* v. *Williamson*, 246 Mass. 270, 272. *Watts* v. *Watts*, 314 Mass. 129, 134.

We cannot agree with the contention of the petitioner that the word "may" as used in §§ 33 and 35 of c. 208 is to be construed as mandatory, with the result that, since there had been no modification of the original order, the judge was obliged to issue the execution applied for. It is well settled in this Commonwealth that, by reason of the peculiar nature of a decree for alimony or for separate maintenance, and the power of the court to revise and alter it at any time, execution is not necessarily to issue for the arrears found to be due, but it is within the discretion of the court, upon consideration of any change in the condition of the parties or of any facts that have occurred after the entry of the original order or decree, to determine in what amount, if any, an execution should issue for unpaid arrears; and no separate petition for modification of the original decree is necessary. *Knapp* v. *Knapp*, 134 Mass. 353, 357. *McIlroy* v. *McIlroy*, 208 Mass. 458, 465. *Williamson* v. *Williamson*, 246 Mass. 270, 272, 273. *Watts* v. *Watts*, 314 Mass. 129, 133.

The remaining contention of the petitioner is that, even if issue of the execution was not mandatory, on the facts found there was an abuse of discretion by the judge in refusing to issue it. The exercise of discretion by the lower court, although subject to review on appeal, is entitled to weight in this court even when the basis for the action appears fully in the record on appeal. *Coe* v. *Coe*, 313 Mass. 232, 235. The basis for the dismissal of the petition appears to have been the fact that the petitioner failed to comply with her agreement with the respondent and her assurance to the court, made when the original decree was entered, that

she would return the son to this Commonwealth to spend the summer with the respondent, and that at the end of this period the son would decide whether he desired to remain here or return to California.  It is obvious, in view of the agreement, that the decree awarding custody of the son to the petitioner was of a tentative and temporary nature. But apart from the agreement it was subject to revision and alteration.  G. L. (Ter. Ed.) c. 209, § 32.  Moreover the judge had the power under G. L. (Ter. Ed.) c. 209, § 37, and c. 208, § 30, to insert a provision in the original decree prohibiting the removal of the son from the Commonwealth without the consent of his father or the court, and to require security and issue writs and processes to effect this purpose. *Marshall* v. *Marshall*, 236 Mass. 248.  *Gallup* v. *Gallup*, 271 Mass. 252.  The judge, apparently relying on the petitioner's assurances, did not do this.  The judge may also have been influenced by the change of circumstances due to the fact that the petitioner procured an interlocutory decree of divorce in California in which she had been granted the exclusive custody of the son.  We are of opinion that the facts found by the judge support the decree.

*Decree affirmed.*