**Dorothy Jo STUESSI, Appellant,**

v.

**Russell A. STUESSI, Respondent.**

**No. 22611.**

Kansas City Court of Appeals.
Missouri.

Oct. 7, 1957.

---

Richard L. White, Rogers, Field, Gentry & Jackson, Kansas City, for appellant.

Eugene C. Jeter, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an appeal by the plaintiff from an order overruling her motion to modify a divorce decree which awarded her the custody of her infant son Frederick. The motion sought permission to take the child out of the State of Missouri.

Plaintiff was granted a decree of divorce on August 26, 1953. The son Frederick was then three years of age. The decree awarded plaintiff the sum of $50 per month for the support and maintenance of the child. It also provided that defendant was to have exclusive custody of the child from Friday evening to Sunday evening of alternate weekends, and for an uninterrupted two-week period each calendar year.

On February 21, 1956, plaintiff filed a motion to modify the decree. In that motion she alleged that defendant came to her home without permission and on such occasions used abusive language. The motion prayed that defendant be restrained from visiting plaintiff's home; also that he be denied the privilege of having custody of the boy on the alternate weekend periods. That motion came on for hearing on March 2, 1956 and was overruled.

Thereafter, on September 7, 1956, the present motion was filed. In it plaintiff alleged that on June 9, 1956, she remarried and is now residing with her husband in Kansas City, Missouri; but that her present husband has accepted employment with the Arnold Research and Development Center in Tallohoma, Tennessee, which will necessitate plaintiff's removal of her residence and that of her minor child to Tennessee.

On September 28, 1956, defendant filed his "Counter-motion to Modify" the decree of divorce. The purpose of the motion was as stated by his counsel, "that plaintiff be denied the right to take the child out of the State, and, if she insists on moving out of the State, then we are asking that the father be given the custody."

A hearing was held on September 28th, and at the conclusion of the evidence the court denied both motions. Plaintiff appealed.

The law governing a situation such as is here involved is well settled. It is nowhere more clearly stated than in the case of Baer v. Baer, Mo.App., 51 S.W.2d 873, 878, from which we quote as follows:

"Generally speaking, it is against the policy of the law to permit the removal of a minor child to another jurisdiction, due principally to the fact that upon the entry of a decree of divorce, the child becomes the ward of the court, and that upon its removal to another state, any subsequent order made pursuant to the court's continuing jurisdiction may be difficult, if not impossible, of enforcement. However, the obstacle of nonresidence is not to be regarded as an insuperable one; and notwithstanding the fixed policy of the courts, the removal of a child will nevertheless be permitted in those instances where it is made clearly to appear to the court that the best interests of the child itself will be thereby subserved." (Citing cases.)

The evidence shows that both plaintiff and defendant are of good moral character. Defendant admitted plaintiff's "fitness" to rear the child, and plaintiff admitted from the witness stand that defendant is a man of good moral habits; that he has always evidenced a very great interest in the child, is good to him, and the two are apparently "devoted to each other."

Plaintiff's present husband has been employed at the Westinghouse Plant in Kansas City. He too has been previously married. His former wife and three year old child reside in New Jersey. He holds a responsible position, and there is no evidence in the transcript which casts any reflection upon his moral character.

But there is no evidence that the interests of the child would be best subserved by his removal to Tennessee. It is not what plaintiff wants done; the question of the child's own welfare is superior to the claim of either parent. The trial judge had this in mind when at the conclusion of the evidence he stated: "All of this is too uncertain * * *. I am not going to modify a decree that was right in the first instance, and change it to a speculative situation, which we do not know what will happen to the child when it is out of our jurisdiction, and her (plaintiff's) disposition is apparently against any contact of the father with the child and has been right along. I did not like it and don't like it yet. I don't like to make orders that will satisfy her. The child is getting along all right in school here."

■■ It is the well settled rule that the finding of a trial judge on a motion to modify should not be lightly disturbed, and should, in fact, be deferred to, unless it is apparently in conflict with a clear preponderance of the evidence, and discloses a manifest abuse of judicial discretion. Watkins v. Watkins, Mo.App., 230 S.W.2d 778. Under the facts, we certainly would not be justified in disturbing the trial court's finding.

■ Plaintiff also contends that the court erred in overruling her motion for attorneys fees and suit money pending the appeal. She did not appeal from that order, and cannot now complain. Callahan v. Callahan, Mo.App., 192 S.W.2d 48, 50; Richardson v. Richardson, Mo.App., 270 S.W.2d 68, 72.

The judgment is affirmed. All concur.