PER CURIAM.
This is an interlocutory appeal from a post decretal order in a divorce action. The appellant wife was awarded the custody of a minor child with rights of visitation in the appellee husband with a requirement that the husband pay the wife $400 per month alimony for a period of three years and $200 per month thereafter, as well as $50 per month support for the minor child. This decree appeared to be based upon an agreement entered into between the parties.
Upon the petition of the appellant wife, a rule to show cause was directed to the appellee to determine why he should not be held in contempt for failure to make such alimony and support payments provided by the final decree. The petition for the rule to show cause also requested, in the alternative, that the court award the wife a money judgment for the sums found to be due her.
In the order appealed, the chancellor found that the wife had taken the child to another country in an attempt to defeat the appellee husband’s right of visitation with the child and thereupon adjudicated that the husband was relieved from any sums due under the decree from May 1, 1958, until January 1, 1960.
We conclude that the portion of the order which failed to award judgment to the appellant wife for the accumulated alimony payments from May 1, 1958, until January *105 1, 1960, should be reversed upon the authority of Hardy v. Hardy, Fla.App.1960, 118 So.2d 106. However, in justice to the able chancellor, we recognize that the Hardy decision was probably not available to him at the time of the entry of the order appealed or was not brought to his attention.
Therefore, that portion of the order which failed to adjudicate and award to the appellant wife a judgment for the ar-rearages of alimony is reversed with directions to enter a judgment for the same. The portion of the order denying enforcement and/or a judgment for the arrearages of child support is affirmed.
Affirmed in part and reversed in part with directions.
HORTON, C. J., and PEARSON, J., and LOPEZ, AQUILINO, JR., Associate Judge, concur.