**Velma Alene PELTS, Plaintiff-Appellant,**

**v.**

**Lee PELTS, Jr., Defendant-Respondent.**

**No. 8647.**

Springfield Court of Appeals.

Missouri.

Feb. 16, 1968.

269

O'Herin & Newberry, Malden, for plaintiff-appellant.

McHaney & Welman, Kennett, for defendant-respondent.

L. F. COTTEY, Special Judge.

By the original decree of divorce entered in this case in 1965, the wife was awarded the general custody of the husband's natural son whom she had adopted during the marriage. The husband, having no home at the time suitable for the rearing of the boy, was granted liberal weekend and holiday custodial privileges. In making that provision, the court "necessarily adjudicated the fact that the father was not only a fit person to share in the custody of his child, but also that the child's own welfare would be served by permitting the father to have contacts with it." Olson v. Olson, Mo.App., 184 S.W.2d 768, 773. Thereafter the wife moved from the State and took up her residence at such a distance from the parties' former home as to render it impracticable for the husband to avail himself of his custodial rights. "[I]t is against the policy of the law to permit a minor child of divorced parents to be removed to another jurisdiction" when "the practical consequence of the child's removal will be to deny it reasonable opportunity for contacts with its father;" indeed, "the actual *or threatened* removal of the child from the jurisdiction of the court" under those circumstances "is good ground for a motion to modify" the award originally made.[1] (Emphasis ours) Green v. Perr, Mo.App., 238 S.W.2d 924, 927–928. Meanwhile the husband remarried, and he and his present wife, a woman of estimable character, now maintain a suitable home in which they are able to provide for the boy's upbringing. With that object in mind the husband, seconded by his present spouse, filed a motion in the case to modify the original decree so that the general custody of his son might be awarded to him. The motion alleged six material changes in the circumstances, conditions and behavior of the parties to warrant the relief requested, all pointing to the conclusion that the husband's home would provide an environment more responsive to the boy's needs and more conducive to his welfare than the one maintained by the wife. The trial court sustained the motion on proof of its material allegations, and the wife appeals.

No useful purpose can be served by making a permanent record of the sometimes invidious and always embarrassing details of the controversy. The determination of all factual issues in cases of this kind "has been vested by the law in the discretion of the trial court," Ramos v. Ramos, Mo.App., 232 S.W.2d 188, 198–199, and the finding made by the trial court "should be deferred to, unless it is apparently in conflict with a clear preponderance of the evidence and discloses a manifest abuse of discretion." Birrittieri v. Swanston, Mo.App., 311 S.W.2d 364, 367. Suffice it to say that we have reviewed the evidence in the light of that rule and find that it amply supports the charges made and the conclusion reached in the trial court.

No point of law is presented that has not previously been settled in this State by an endlessly repetitive line of decisions on all aspects of the subject. Even these are not preserved for review by such abstract assignments as, for instance, that "a young child should be in the care of his mother, all things being equal, and the fact that the mother is an adoptive parent

---

1. Where the welfare of a growing boy is at stake, the rule becomes even more pointedly applicable when considered in the light of the assertion made in Luethans v. Luethans, Mo.App., 243 S.W.2d 801, and so regularly confirmed by common experience and observation, l. c. 804, "It is so evident that a son should have the companionship, affection, and guidance of his father that it scarcely needs restating."

is of no significance," or that "the recent reformation of (the husband's) personal conduct and actions makes the trial court's order an unwarranted experiment." The issues were purely factual, and the trial court resolved them in line with the "inflexible and unyielding principle * * * that the welfare of the child is paramount and supreme." J—— G—— W—— v. J—— L—— S——, Mo.App., 414 S.W.2d 352, 360; Fortune v. Sinco, Mo.App., 417 S.W. 2d 515, 520.

Affirmed.

HOGAN, P. J., and STONE and TITUS, JJ., concur.