Betty J. JENKINS, Plaintiff-Respondent,

v.

Evan W. JENKINS, Defendant-Appellant.

No. 33545.

St. Louis Court of Appeals, Missouri.

March 24, 1970.

**620**

---

Michael J. Ebeling, St. Louis, for plaintiff-respondent.

Murphy & Kortenhof, Edward E. Murphy, Jr., St. Louis, for defendant-appellant.

CLEMENS, Commissioner.

The defendant-father, Evan W. Jenkins, appeals from an order modifying a divorce decree that increased child-support allowances from $20 to $40 a week for each of two sons on the ground of medical expenses. He contends the plaintiff-mother had the burden of showing both probable need for future medical care and the reasonable cost thereof; that she failed in this burden by showing only past medical care and expense. We agree.

In November, 1967, the trial court granted Mrs. Jenkins a divorce and custody of the parties' two sons, five-year-old Grant and three-year-old Lee. The court ordered Mr. Jenkins to pay Mrs. Jenkins $20 a week for support of each child. A year later Mrs. Jenkins moved to modify the decree by increasing the allowances. She pleaded generally that her financial needs for the boys' care were greater than the $20 a week previously allowed for each child, and specifically that "Lee T. Jenkins, age 4 years, has been severely ill and approximately $3,000.00 medical expenses have accrued for said child alone during the past two months with likelihood of continuing unusual and exorbitant medical treatment being required in the future; that Grant W. Jenkins, age 6 years, has also had need for medical treatment in the approximate amount of $300 since decree of divorce." She also pleaded Mr. Jenkins' ability to pay a larger allowance.

Mrs. Jenkins was the only witness at the modification hearing. She testified that since the divorce son Grant had been treated by a psychologist and a pediatrician. She said nothing about his physical condition at trial time, nor his past or probable future medical expenses.

As to four-year-old Lee Mrs. Jenkins said that after the divorce physicians discovered a birth defect they treated surgically. When she was asked if this was "a continuing thing", defense counsel objected to Mrs. Jenkins giving a medical opinion. The trial court properly ruled she could testify only about what she had observed. Despite this limitation Mrs. Jenkins answered: "Since this bladder operation last summer—Dr. Beare performed the operation—they have been very careful because they don't want infection to get back in there. He has to be watched very carefully for that, he's been in the hospital on three separate occasions and had major and minor surgery. He was just released the last time on the 18th of September. He's been back to the pediatrician once in October; once in November; once in December, and I called home at noon and he is running over a hundred degrees' fever, and I'm trying now to get in touch with the pediatrician. Anytime he develops any infection at all, he is promptly put on sulpha so it won't spread and get back to the bladder. I'm not sure it is clinically solved yet. They have told me it is all right as far as they know, but they have to watch it. The problem will be a continuing one; how serious, they just don't know. Anything that comes up, they put him on sulpha. It has happened three times now since that operation. Otherwise, he is a pretty healthy child normally, but even a cold could be serious on his kidneys."

The parts of the rambling answer about Lee having to be "watched" for several years, about the reason he was given sulpha, and that the problem was a "continuing thing" all side-stepped the court's ruling. Mrs. Jenkins further said Lee's hospitalization had cost over $3,000, mostly

covered by insurance, for which she had paid a $145 premium; she had, however, paid $465 of the medical expense herself. This was the essence of the evidence about Lee's physical condition and medical expense.

■ Mrs. Jenkins offered to show Mr. Jenkins had not paid all the original child-support allowances and that she had been put to trouble and expense collecting it. This had no bearing on the motion to modify and the trial court properly excluded it. Armstrong v. Armstrong, Mo.App., 395 S.W.2d 484 [3, 4].

In the year following the divorce Mr. Jenkins had earned $10,100 and Mrs. Jenkins had earned $9,800.

This was all the evidence. We hold it afforded no basis whatever for the increased allowance for son Grant, and was insufficient to warrant the increased allowance for son Lee.

■ A court's power to modify child support allowances rests on § 452.070, V.A. M.S. The statute creates a method for determining *in advance* the extent of the father's obligation for the *future* support of his children. Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731 [26, 27]; Roberts v. Roberts, Mo.App., 292 S.W.2d 596 [4]. When modified the decree operates prospectively, not retroactively. Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762 [5]. Past expenses for child care cannot be recovered by modifying the original decree. (See cases cited in Schaffer v. Security Fire Door Company, Mo.App., 326 S.W. 2d 376 [5, 6].)

■ The scope of Mrs. Jenkins' motion was limited by law to a monetary increase to cover the boys' support in the future. Her burden (Swift v. Leonard, Mo.App., 420 S.W.2d 53 [1]) was to show new circumstances from which the trial court could judicially determine that future care required more money than originally allowed, and also to show the probable

cost of that care. Nelson v. Nelson, Mo. App., 357 S.W.2d 223 [1–3]; McCullough v. McCullough, Mo.App., 402 S.W.2d 623 [1]; McCann v. McCann, Mo.App., 448 S.W.2d 323 [3, 4]. Mrs. Jenkins' evidence failed on each count.

■ By Mrs. Jenkins' evidence she rested her claim to increased allowances for future care of both sons on the ground of past medical expenses for son Lee. Although she gave hearsay testimony, over objection, that son Lee's condition was a "continuing thing" she had no substantial evidence of reasonably probable need for future medical care. Lee's extensive medical treatment in the preceding year was some evidence of a physical condition that might continue, but standing alone that does not show a future need. This is akin to a claim for damages for future physical ailments. While absolute certainty is not required in those cases reasonable certainty must be shown; mere conjecture of likelihood of continued physical impairment will not support recovery of future damages. Plank v. R. J. Brown Petroleum Co., 332 Mo. 1150, 61 S.W.2d 328 [6, 7]; Driver v. Anheuser, Mo.App., 397 S.W. 2d 11 [1].

And, even assuming the reasonable certainty of future medical care, the evidence here failed to show the probable cost of that care for either child. Without this, there was no ground for increasing the child-support allowance to cover future medical expenses. *Nelson, McCullough,* and *McCann,* supra.

We are loath to nullify Mrs. Jenkins' increased award when the facts, if fully developed, might support it; but since the evidence adduced does not support the order modifying the divorce decree as to either child it must be reversed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Ac-

cordingly, the order modifying the decree is reversed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.