Cletus Raymond HAHN,
Movant-Appellant,

v.

Linda Fay HAHN, Respondent.

No. 39775.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 11, 1978.

Buerkle, Lowes & Beeson, Albert C. Lowes, David G. Beeson, Jackson, for movant-appellant.

Schnapp, Graham & Reid, John W. Reid, II, Fredericktown, for respondent.

McMILLIAN, Judge.

Appellant appeals from a judgment of the circuit court of Madison County denying appellant's motion to modify the child custody provision of a divorce decree entered May 2, 1974. The motion prayed for permanent custody of the child born of the marriage between appellant Cletus Hahn and respondent Linda Hahn. The appellant contends that (1) the trial court erred in failing to take into account the well established "policy of law" that one who has custody of a minor child must, absent unusual circumstances, seek approval of the court prior to the removal of the said child from the court's jurisdiction; (2) the trial court erred as a matter of law in refusing to honor the timely request by counsel for the appellant for findings of fact and conclusions of law pursuant to Supreme Court Rule 73.01(1)(b); and (3) the court abused its discretion by requiring appellant to pay $2,082.50 of respondent's attorney's fees. For reasons hereinafter stated we affirm, but remand for the trial court to reassess appellant's visitation rights in light of the respondent's move from the jurisdiction and appellant's present inability to visit his child.

When appellant and respondent were divorced on May 2, 1974, the court awarded custody of the couple's minor child, age one at the time, to respondent and granted appellant visitation rights. The court provided that appellant could not keep the child overnight. According to the appellant, this limitation and the respondent's refusal to allow appellant visiting rights on Sundays, made it possible for appellant to see his son on only fifteen different occasions after the dissolution and before respondent removed the child from the jurisdiction.

On January 22, 1975, the respondent and the child began living in Texas, where she is presently employed at the Continental Bus Station in Houston. She has a savings account of $66.51 and a checking account of $472.92.

Appellant is employed by Mississippi Lime Company, located at Ste. Genevieve, Missouri. He has a savings account of $700.00 and a checking account of $351.00. He is remarried and lives in a two-bedroom mobile home. Appellant has a 1973 Ford pickup truck with $900.00 remaining to be paid, carries life insurance on himself payable to his current wife, and maintains health insurance for his child.

On June 18, 1975, appellant filed a motion to modify the dissolution decree alleging that the move of his ex-wife and son from Missouri to Texas was a change in circumstances justifying a modification, especially since it was now virtually impossible for him to visit his son on a regular basis. Appellant's present wife stated at the hearing that she would be glad to stop working and to take care of her husband's son.

After several motions and hearings by the parties, the trial court denied appellant's motion for a change in custody and awarded respondent $2,082.50 in attorney's fees.[1] This appeal followed.

1. Following appellant's motion for modification of the divorce decree which was filed on June 18, 1975, the respondent filed a motion to dismiss and asked for attorney's fees. On July 23, 1975, respondent filed a reply to the motion to modify and moved the court to modify the previous dissolution decree. A hearing was held on August 7, 1975, and the court rendered a decree denying both motions and allowing the respondent to remove the child to the State of Texas. On August 11, 1975, appellant filed his notice of appeal with this court. On August

First, appellant contends that the court failed to take into account the well established "policy of law" which requires one who has custody of a minor to seek approval of the court prior to the removal of the child from the jurisdiction. Appellant claims that by not recognizing this "policy of law" the trial court prejudiced the rights of the appellant and denied the minor child the opportunity to know his father. Appellant further contends that there has been a sufficient change in the circumstances to warrant a modification of the previous decree.

■ It is important to note that in deciding matters of child custody "we are bound by the fundamental tenet that in matters relating to child custody, the [child's] welfare dominates all other considerations. . . ." *J.L.W. v. D.C.W.*, 519 S.W.2d 724, 729 (Mo.App.1975); *see also* § 452.410 and § 452.375, RSMo 1973. The question becomes whether it is in the best interests of the child to permit his removal to another jurisdiction.

The general rule that in matters affecting the custody of a child the court will be governed primarily by welfare and best interests of the child applies in determining whether to permit or prohibit removal of the child from the jurisdiction. (*See* 24 Am.Jur.2d, Divorce and Separation § 798)

■ The best interests of the child require that a change of custody occur only if such a change will be a positive improvement for the child because "a change of custody disrupts the child's living arrangements, and the channels of its affection." 42 Am.Jur.2d, Infants § 57. In the case at hand, custody of appellant's minor child was awarded to respondent. There is no evidence to show that respondent is not a fit parent, that the child is not receiving good care, or that the child is living in anything but a healthy environment. Appellant claims that the fact that respondent left the jurisdiction and thereby denied appellant the right to visit his son provides a sufficient justification for changing custody. This court has recently ruled on a similar case. In *Agne v. Agne*, 565 S.W.2d 799 (Mo.App.1978) appellant contended that a wife's action in removing the child from Missouri to Oregon without court approval and which defeated the non-custodial parent's right to exercise temporary custody required that custody be changed. This court disagreed and stated that, "[w]hile this is a factor which may warrant a change, it is only one factor and does not compel the court to modify custody." A change in custody should not be ordered as a punitive measure[2] or because a parent's visitation rights will be infringed

[T]he court's primary concern in choosing between a resident and nonresident applicant is the welfare and interest of the child. Thus, where it was shown that the welfare and interests of the child would be better promoted, the courts have awarded custody to a nonresident, or permitted a resident custodian to remove the child to another jurisdiction in which such custodian intended to establish a new residence. And this conclusion has not been

12, 1975, respondent filed a motion for a new trial and specifically requested an increase in child support payments from $20 to $40 per week and granting reasonable attorney's fees pursuant to § 452.355 RSMo 1973, in addition to her expenses and cost of income resulting from her travel to Missouri to attend the hearing.

On September 1, 1977, the lower court held a hearing on respondent's motion for new trial which had been granted. The hearing was limited to the question of attorney's fees, money for transportation back to Missouri and for additional child support. On October 13, 1977, the lower court made its order which provided that there had not been sufficient change in circumstances to justify modifying or increasing the amount of child support; denying recovery of respondent's traveling expenses and allowing $1500 attorney's fees, $82.50 expenses for first appeal and $500 for attorney's fees on this appeal. On October 11, 1977, appellant filed notice of appeal.

2. *See Green v. Perr*, 238 S.W.2d 924, 927 (Mo. App.1951) wherein the court stated that "the custody of a minor child of divorced parents should never be awarded as the means of punishing one parent or rewarding another." *See also V.M. v. L.M.*, 526 S.W.2d 947, 949 (Mo. App.1975).

affected by the fact that the parent's right of visitation would be curtailed or destroyed by the removal of the child from the jurisdiction or that the child will be taken to and live in a foreign country. 42 Am.Jur.2d Infants, § 52.

*See also Hart v. Hart,* 539 S.W.2d 679, 682 (Mo.App.1976); *Northrup v. Sieve,* 517 S.W.2d 470, 474 (Mo.App.1974).

Appellant relies on *Dupree v. Dupree,* 357 S.W.2d 241 (Mo.App.1962) which correctly states that

> [T]he courts encourage the continued interest, love and affection of the divorced parents for the child and strive to afford the child ample opportunity to have close contact with both parents as it grows up.

This result, however, is not possible in the case at hand, even if custody was to be awarded to appellant. Respondent-mother has moved to Texas, making the close contact with both parents impossible. We find that the trial court had sufficient evidence to conclude that it would be in the best interests of the child to permit the mother to remove the child from the state.

Appellant next contends that the court erred in refusing to honor the timely request by counsel for findings of fact and conclusions of law. Supreme Court Rule 73.01(1)(b) provides in part:

> " . . . If any party so requests before final submission of the case, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues . . . ."

We recognize that the trial court should have made such findings of fact and conclusions of law and admonish lower courts to do so. We do not, however, find this deficiency to be sufficient cause for reversal. Supreme Court Rule 84.13(b) states that, "[n]o appellate court shall reverse any judgment, unless it finds that error was committed by the trial court against the appellant, materially affecting the merits of the action."

Appellant's last contention is that the lower court erred in awarding respondent attorney's fees in the amount of $2,082.50. This contention is without merit. Section 452.355 RSMo 1973 gives the court the discretion to order one party to pay a reasonable amount of attorney's fees to the other party. Appellant claims that there is no evidence to show that respondent cannot pay her own attorney's fees. Need, however, is only one factor to be considered in ordering payment. *Beckman v. Beckman,* 545 S.W.2d 300, 302 (Mo.App.1976).

Furthermore, "courts are themselves experts on the question of attorneys' fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorneys' fees without the aid of evidence." *Jafarian-Kerman v. Jafarian-Kerman,* 424 S.W.2d 333, 340 (Mo.App.1967).

Our duty on appeal is limited and guided by certain well-known principles. "Rule 73.01(3) requires us to review the case upon both the law and evidence and to give due regard to the opportunity of the trial court to have judged the credibility of the witnesses." *Hart v. Hart,* 539 S.W.2d 679, 681 (Mo.App.1976). This rule was recently construed in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.1976) to mean that the judgment of the trial court will be sustained unless (1) there is no substantial evidence to support it, (2) it is against the weight of the evidence, (3) it erroneously declares the law or, (4) it erroneously applies the law. *Id.* at 32. We cannot say that the trial court erred in awarding the attorney's fees.

In conclusion, while we disagree with appellant's contentions, we agree that in order to serve the best interests of the child, appellant should have more opportunity to visit with his son. We therefore remand to the lower court for consideration of appropriate visitation rights in light of the child's removal from the jurisdiction. The lower court should consider whether it would be possible to award appellant custody of his

child for certain periods during the year; for example, a week over the Christmas season and three weeks over the summer vacation. This would permit the vital association with both parents, which a child needs.

Accordingly, we affirm the judgment of the trial court, but remand the cause for further proceedings consistent with the directions contained herein.

CLEMENS, P. J., and SMITH, J., concur.