Kathleen M. RYAN, Respondent,

v.

John E. RYAN, Appellant.

No. KCD 27355.

Missouri Court of Appeals, Kansas City District.

Aug. 2, 1976.

James R. Wyrsch, Kansas City (Michael Clayman, Kansas City, of counsel), for appellant.

William B. Korth, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from modification of divorce decree. The question is whether there were

new circumstances or a change in circumstances upon which the court could modify the decree. Reversed and remanded.

On January 25, 1972, the court awarded a divorce to Kathleen M. Ryan from John E. Ryan, together with $200 per month alimony; awarded her care and custody of Mary Eileen and Ann Theresa, minor daughters of the parties, together with $100 per month per child for their maintenance and support; awarded him care and custody of John Patrick, Timothy Casey, and Danny Gerard, minor sons of the parties, and temporary custody of Mary Eileen and Ann Theresa from 9:00 a.m. Saturday to 7:00 p.m. Sunday of every other weekend.

On July 11, 1972, John Ryan, alleging that "circumstances have changed between the parties," moved to modify the decree to obtain permanent custody of Mary Eileen and Ann Theresa, and to reduce the child support and alimony allowances.

On November 8, 1973, Kathleen Ryan, alleging "a substantial change of condition in that defendant has received numerous salary increases and other benefits, that he is earning approximately $20,000.00 per year * * * that the defendant is addicted to alcoholic beverages, * * * is seldom at home, does not take care of the boys, * * * that defendant has openly and notoriously associated with other women * * * in the presence of the boys * * * that the defendant has on occasion struck and physically abused the three boys * * * that the defendant is maintaining an unwholesome and detrimental atmosphere * * * and as a result, these children are receiving no discipline," moved to modify the decree to obtain custody of John Patrick, Timothy Casey, and Danny Gerard, and to obtain an award of "such sums of money * * * as will adequately support and maintain the five children born of the marriage."

On April 22 and 25, 1974, the motions came on for hearing, and, at the conclusion of the hearing, the court announced:

"* * *. The Motion to Modify the Divorce Decree filed by the petitioner is sustained. The respondent is to pay $100.00 a month for support of Eileen and $175.00 a month for the minor child Ann. The attorney's fees of $500.00, which I'm not stating is the full amount earned but that's all that is to be paid by the respondent.

"The respondent's Motion to Modify visitation is sustained. The younger child, Ann, is to have visitation with her father. He is to have visitation with her from Saturday morning until Sunday evening * * 7:00 a.m. Until 7:00 p.m. Sunday on alternate weekends."

Appellant does not question the award of attorney's fees. With respect to the modification of the child support award, he contends the court erred: (I) in its increase of child support payments for Ann Theresa Ryan because Kathleen M. Ryan did not sustain her burden of proof of "facts that had arisen from the entry of the prior decree or facts that were unknown to the court at the time of the entry of the decree which would indicate a substantial change had occurred in the circumstances of the children, their custodian, or the financial resources or needs of the noncustodial parent." He contends the court erred: (II) in failing to reduce the allowances for maintenance (alimony) and child support because he did sustain his burden of proof of a change of circumstances; and that the evidence shows "as a matter of law, the eldest daughter, Eileen, 18, was self-supporting and should be declared emancipated."

Respondent has not appealed from the change in the temporary custody award to Mr. Ryan, and has not briefed this appeal.

It makes no difference whether this appeal is determined under the divorce, alimony, and separate maintenance provisions of Chapter 452, RSMo 1969, or the dissolution of marriage provisions of Sections 452.300 to 452.415, RSMo 1973 Supplement, effective January 1, 1974, because the application of either to this appeal compels the same result.

Section 452.070, RSMo 1969, which, prior to January 1, 1974, provided the court's power to modify child support allowances, has been uniformly interpreted to place

upon one who moves for modification of a divorce decree the burden "to show new circumstances from which the trial court could judicially determine that future care required more money than originally allowed * * *." *Jenkins v. Jenkins*, 453 S.W.2d 619, 621[4] (Mo.App.1970). Section 452.370, RSMo 1973 Supplement, effective January 1, 1974, provides that "any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances * * *."

The court made no findings of new or changed conditions or circumstances upon which to modify the decree by an increase in child support. Respondent, through her failure to brief the question, does not demonstrate evidentiary support for any of her allegations of changed conditions, and independent review is not productive of new or changed conditions or circumstances upon which to award increased child support. The evidence shows only that Mr. Ryan is in the same financial condition with respect to income and expenses as he was at the time of the original decree. Such continuing condition does not justify an increase in child support to Mrs. Ryan; neither does it justify a decrease in the obligation of Mr. Ryan to pay the original child support award. *Jenkins v. Jenkins*, supra.

Since the evidence adduced does not support the court's modification, it, except for the uncontested award of attorney's fees and the uncontested changed visitation right, is reversed and the cause is remanded for further proceedings. Rule 73.01, V.A. M.R.; *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Reversed and remanded.

All concur.